■ SILVERSTEIN PROPERTIES, INC., et al., Appellants, v PAINE, WEBBER, JACKSON & CURTIS, INC., Respondent. — Order, Supreme Court, New York County (Louis Grossman, J.) entered April 2, 1984, denying petitioners' motion to stay arbitration, reversed, on the law, with costs, and the motion to stay arbitration is granted.

Respondent, Paine, Webber, Jackson & Curtis, Inc. (Paine Webber) is a tenant in 120 Broadway, New York City, a building owned by Equitable Towers Associates and managed by Silverstein Properties, Inc., the petitioners-appellants. In addition to a fixed rent, the lease requires Paine Webber to pay as additional rent a certain percentage of the increase in operating expenses in any year over the comparable expenses in the base year of 1980.

Paragraph 45 (d) of the lease provides the following in pertinent part with regard to the statements of such expenses to be furnished by petitioners:

"The statements thus furnished to Tenant shall constitute a final determination as between Landlord and Tenant of the real estate taxes and Expenses for the periods represented thereby, unless Tenant within thirty (30) days after they are furnished shall give a written notice to Landlord that it disputes their accuracy or their appropriateness, which notice shall specify the particular respects in which the statement is inaccurate or inappropriate * * *

"Any such dispute shall be resolved by arbitration in New York City, in accordance with the commercial arbitration rules of the American Arbitration Association and the provisions of this Lease, by three (3) arbitrators, each of whom shall have at least ten (10) years' experience in the supervision of the operation and management of major office buildings in Manhattan, and judgment upon the award rendered by the arbitrators will be entered in any court having jurisdiction thereof."

It is undisputed that the appellants furnished statements in accordance with the prescribed form for the year 1981 to the respondent on May 20, 1982, and similar statements for the year 1982 on June 1, 1983. It is also undisputed that respondent did not, within 30 days after the furnishing of the statements, give a written notice to the appellants that they disputed "their accuracy or their appropriateness". Notwithstanding this omission, Paine Webber, on August 25, 1983, demanded arbitration, specifying the nature of the dispute to be the "Validity of 1981 and 1982 Operating Expense Escalation Charged to Paine, Webber, Jackson & Curtis, Inc. by Silverstein Properties, Inc. and Equitable Towers Associates."

By order to show cause dated September 20, 1983 appellants moved to stay arbitration pursuant to CPLR 7503 (subd [b]), urging that Paine Webber's failure to give a written notice within 30 days that it disputed the accuracy or appropriateness of the furnished statements precluded their right to arbitrate. Special Term denied the motion, concluding that the lease provision in question was not a condition precedent to arbitration, and that it presented an issue to be resolved by the arbitrators. We disagree, and accordingly reverse the order appealed from. (See *Matter of New York Plaza Bldg. Co. [Oppenheim, Appel, Dixon & Co.]*, 103 AD2d 203.)

The threshold issue presented is whether Paine Webber's noncompliance with the lease provision which constituted as a final determination expense statements not timely objected to in writing presents an issue to be decided by the court or by the arbitrator. This turns on whether or not the lease clause, in the words of the Court of Appeals in *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1, 7), constitutes a "condition precedent to arbitration to be complied with". The same issue was recently addressed by this court in *Matter of New York Plaza Bldg. Co. (Oppenheim, Appel, Dixon & Co.)* (*supra*), decided after the order appealed from, in which it was held that a legally indistinguishable clause constituted a condition precedent to arbitration. The analysis set forth in *New York Plaza* is fully applicable here, and mandates the same result.

The second issue presented arises from Paine Webber's contention that certain statements and actions by agents of the petitioners either waived the right of petitioners to rely upon the lease provision or alternatively should be deemed to estop petitioners from such reliance. In particular, Paine Webber relies upon a sentence in a letter dated August 4, 1982 from Silverstein's controller in which, after referring to Paine Webber's agreement in a prior conversation to pay all currently outstanding expense escalation amounts, he went on to say: "If you believe that you have cause to dispute this amount you have the remedies available to you in your lease agreement." Since in a previous letter dated July 15, 1982 the controller had previously quoted in full from the lease provision requiring timely notice of any dispute of the expense statements, it is urged by Paine Webber that the comment in the later letter constituted a waiver by petitioners of the right to rely upon the lease provision. We do not agree.

Waiver has been defined as an " 'intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it' " (*Werking v Amity Estates,* 2 NY2d 43, 52). We do not think that the comment in the letter of August 4, 1982 is reasonably interpreted as stating an intent by petitioners to give up their right under the lease to have the expense statements furnished on May 20, 1982 deemed a final determination in the absence of a timely written notice of dispute. Although awkwardly worded, the sentence is more realistically interpreted as a simple reminder that in the event of any dispute the remedies available to Paine Webber were those set forth in the lease, without in any way stating an opinion as to whether those remedies continued to be viable, and without conveying any intention to relinquish petitioners' rights under the agreement.

Nor do we believe that a waiver can be reasonably inferred from the subsequent participation by petitioners in discussions relating to the merits of Paine Webber's belatedly expressed objections, or from the petitioners' ultimate conclusion that Paine Webber was correct as to one issue. The willingness of a party to discuss the merits of a dispute, notwithstanding the apparent existence of a conclusive legal defense to the other party's claims, does not justify under the circumstances presented an inference that the party is waiving that defense. And it would be a doubtful policy indeed to infer from a party's agreement to an adjustment for an error the surrender of legal defenses to other outstanding issues.

Paine Webber's further claim of an equitable estoppel is wholly unsupported by the record. Concur — Sandler, J. P., Sullivan, Carro and Kassal, JJ.

Bloom, J., concurs on constraint of *Matter of New York Plaza Bldg. Co. (Oppenheim, Appel, Dixon & Co.)* (103 AD2d 203).