■ In the Matter of PRIME REALTY HOLDINGS Co., Appellant, v STATION PLAZA COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Harwood, J.), dated July 23, 1985, as denied its application to stay arbitration and granted the respondent's cross motion to compel arbitration.

Order affirmed insofar as appealed from, with costs.

Special Term did not err in denying the petitioner's application to stay arbitration based upon its determination that

there was no condition precedent to arbitration *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7). Its finding that the contractual limitation in section 4.08 of the parties' sublease was applicable only to a right reserved by the respondent landlord to audit the petitioner tenant's books and records is fair and reasonable *(see, Farrell Lines v City of New York,* 30 NY2d 76, 83). The arbitration clause, also contained in section 4.08 of the sublease, broadly covered "any dispute as to 'Gross Collections' ", and contained no express contractual limitation constituting a condition precedent to arbitration *(see, Matter of County of Rockland [Primiano Constr. Co.], supra).*

We do not agree with our dissenting colleague, for we find the contractual language in *Silverstein Props. v Paine, Webber, Jackson & Curtis* (65 NY2d 785) to be distinguishable. The notice provision in that case required written notice by the tenant in order to dispute what otherwise constituted a final determination of real estate taxes and expenses billed to the tenant by the landlord. The requirement of notice was not ambiguous and could be applied only to the right to proceed to arbitration. The contract contained no other provision for which notice could be required. In contrast, the notice requirement at bar was ambiguous, as it was not clear from the contractual language precisely what action was conditioned upon notice. The notice requirement could have applied to the landlord's right to inspect the tenant's books of account and records to verify the tenant's statement of gross collections, or to the landlord's right to proceed to arbitration. "A cardinal principle governing the construction of contracts is that the entire contract must be considered and, as between possible interpretations of an ambiguous term, that will be chosen which best accords with the sense of the remainder of the contract" *(see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 347). The relevant sentence in section 4.08 of the sublease concerning arbitration states: "In the case of any dispute as to 'Gross Collections' such dispute shall be determined by arbitration under the provisions of article 20." Article 20 of the sublease does not make notice of dispute a condition precedent to arbitration. The only condition stated in section 20.01 of the sublease is that the particular lease provision sought to be arbitrated contain an express provision stating that it is arbitrable. Special Term's resolution of the ambiguity was in accord with the general rule of construction, as it gave effect to both section 4.08 and section 20.01 of the sublease. Accordingly, we affirm the order insofar as it is appealed from. Gibbons, Kooper and Spatt, JJ., concur.

Mangano, J. P., dissents and votes to reverse the order appealed from, on the law, grant the petitioner's application to stay arbitration, and deny the respondent's cross motion to compel arbitration, with the following memorandum: The majority is of the view that the language of the sublease in question mandates that a dispute between the petitioner tenant and the respondent landlord regarding the additional rent due from the petitioner to the respondent for the calendar years 1979 through 1983 must proceed to arbitration. I disagree with the conclusion reached by the majority. In my view, arbitration of this issue is barred due to the respondent landlord's failure to comply with a condition precedent to arbitration provided for in the sublease.

Section 4.08 of the subject sublease sets forth the procedure by which the petitioner tenant is to annually account to the respondent, and pursuant to which the amount of any additional rent, over and above the annual base rent of $60,780 to be paid by the petitioner was to be annually calculated and settled between the parties. Specifically, section 4.08 of the sublease provides that the petitioner is to pay the respondent annually as additional rent, 33⅓% of the annual gross collections in excess of $110,000 received from the operation of the subject office building. This section of the sublease further provides that the petitioner is to deliver a statement prepared by a certified public accountant, setting forth the "gross collections" for the preceding year and pay the respondent, within 15 days after submitting that statement, 33⅓% of the excess of gross collections over $110,000. Finally, section 4.08 of the sublease provides a scenario to be followed if the respondent landlord is not satisfied with the CPA's statement. Specifically, section 4.08 of the sublease provides as follows: "If Landlord is not satisfied with the foregoing statement Landlord will so notify Tenant within thirty days after the statement is given to Landlord and in such event, if Landlord elects, Landlord may examine the books of account and records of Tenant and/or sublessee of the entire premises. In the case of any dispute as to 'Gross Collections' such dispute shall be determined by arbitration under the provisions of Article 20."

Article 20 of the sublease, and specifically section 20.01 thereof, provides, in pertinent part that:

"In any case in which it is provided by the provisions of this lease, and only in such cases that any matter shall be determined by arbitration, such matter shall be determined by arbitration as follows:

"The same shall be settled and determined by arbitration in accordance with the rules then obtaining and before the American Arbitration Association in the City of New York. A judgment so awarded or rendered on such arbitration shall be conclusive and binding upon the parties, successors and assigns, and may be rendered as a final judgment in any court having jurisdiction thereof."

Finally, section 26.01 of the sublease requires that the respondent's notification to the petitioner of its dissatisfaction with the CPA's statement must be in writing.

It is undisputed that the petitioner sent the respondent CPA's statements for the calendar years 1979 through 1983, and that the respondent did not notify the petitioner in writing of its dissatisfaction with those statements.

Eventually, a dispute arose between the parties as to the amount of the additional rent owed by the petitioner to the respondent, and the respondent demanded arbitration on that issue. Thereafter, the petitioner commenced the instant proceeding to stay arbitration, insofar as the respondent was seeking recovery from it for additional rent for the calendar years 1979 through 1983, on the ground that the respondent had failed to comply with a condition precedent to arbitration, i.e., failing to serve written notice to the petitioner of its dissatisfaction with the CPA's statements for those years, as required by section 4.08 of the sublease.

In its order dated July 23, 1985, Special Term rejected the petitioner's argument, holding, *inter alia:*

"The court does not however accept petitioner's interpretation of the sentence in the contract providing that respondent will notify petitioner that it is 'not satisfied' with petitioner's statement of account within 30 days after it is given.

"Conditions precedent and contractual limitations to agreed-to arbitration are generally to be expressly stated. *(Cf. County of Rockland v. Primiano Construction Co., supra.)* No such expression is made in the contract here: the only event to which reference is made in the sentence on which petitioner relies is the examination of petitioner's books. The court agrees with respondent that the only reasonable construction to be made of this sentence is that the notification requirement is a condition precedent only to the right to audit petitioner's books and records. Article 20, which governs the arbitration to which petitioner agreed contains no conditions or special requirements."

In resolving the issue raised on this appeal, it must be noted

that on June 28, 1985, i.e., after submission of the instant matter to Special Term, but before the latter's determination, the Court of Appeals, in *Silverstein Props. v Paine, Webber, Jackson & Curtis* (65 NY2d 785), affirmed a stay of arbitration in a very similar factual situation. In that case, a lease required the tenant to pay a fixed rent and an additional amount representing a percentage of the increase in operating expenses. The lease provided that the landlord was obligated to furnish the tenant with statements relating to this additional rent and further provided as follows *(Silverstein Props. v Paine, Webber, Jackson & Curtis,* 104 AD2d 769, 769-770, *affd* 65 NY2d 785, *supra):*

" 'The statements thus furnished to Tenant shall constitute a final determination as between Landlord and Tenant of the real estate taxes and Expenses for the periods represented thereby, unless Tenant within thirty (30) days after they are furnished shall give a written notice to Landlord that it disputes their accuracy or their appropriateness, which notice shall specify the particular respects in which the statement is inaccurate or inappropriate * * *

" 'Any such dispute shall be resolved by arbitration in New York City, in accordance with the commercial arbitration rules of the American Arbitration Association and the provisions of the Lease, by three (3) arbitrators, each of whom shall have at least ten (10) years' experience in the supervision of the operation and management of major office buildings in Manhattan, and judgment upon the award rendered by the arbitrators will be entered in any court having jurisdiction thereof.' "

In *Silverstein Props. (supra),* it was undisputed that the landlord furnished the statements as required by the lease but the tenant did not give the landlord written notice that it disputed the accuracy of these statements within 30 days after the landlord furnished the statements. The tenant subsequently demanded arbitration and the landlord moved to stay arbitration for failure to give the required notice within the prescribed time. In reversing Special Term and in granting petitioner's motion to stay arbitration, the First Department held *(Silverstein Props. v Paine, Webber, Jackson & Curtis,* 104 AD2d 769, 770, *supra):* "The threshold issue presented is whether Paine Webber's noncompliance with the lease provision which constituted as a final determination expense statements not timely objected to in writing presents an issue to be decided by the court or by the arbitrator. This turns on whether or not the lease clause, in the words of the Court of

Appeals in *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1, 7), constitutes a 'condition precedent to arbitration to be complied with'. The same issue was recently addressed by this court in *Matter of New York Plaza Bldg. Co. (Oppenheim, Appel, Dixon & Co.) (supra),* decided after the order appealed from, in which it was held that a legally indistinguishable clause constituted a condition precedent to arbitration. The analysis set forth in *New York Plaza* is fully applicable here, and mandates the same result."

In affirming the determination of the First Department, the Court of Appeals held *(Silverstein Props. v Paine, Webber, Jackson & Curtis,* 65 NY2d 785, 787-788, *supra):*

"Although a broad arbitration clause will generally be deemed to reserve for the arbitrator all questions regarding compliance with time restrictions for demanding arbitration, that is not true where parties have chosen a narrow clause limiting the arbitrator's powers to a particular dispute. Here it is clear that the parties have employed a narrow clause limiting the arbitrator to deciding substantive disputes commenced within the time fixed by the contract. Thus the Appellate Division correctly held that any dispute concerning the tenant's compliance with that time restriction should be decided by the courts.

"On the merits we agree with the Appellate Division, for the reasons stated in its memorandum, that the tenant's demand was untimely and that arbitration should be stayed."

I fail to perceive any significant distinction between the language of the lease in *Silverstein Props. v Paine, Webber, Jackson & Curtis (supra),* and the language employed in the sublease at bar.

It is true that section 4.08 of the sublease at bar provides the respondent with a right to an audit of the petitioner's books and records if it gives timely written notice of its dissatisfaction with the petitioner's CPA's statement. However, that right, pursuant to section 4.08 of the sublease, is an elective one, i.e., "if Landlord elects". It does not negate the respondent's obligation to comply with the requirement of timely written notice of its dissatisfaction with the petitioner's CPA's statement before it can obtain arbitration on a dispute with respect to "Gross Collections". Since the respondent did not comply with that condition precedent to arbitration, the petitioner's application to stay arbitration should have been granted *(Silverstein Props. v Paine, Webber, Jackson & Curtis, supra).*