■ MICHAEL T. SUCHER et al., Respondents, v 26 REALTY ASSOCIATES, Appellant.—In a hybrid action, *inter alia,* for a permanent injunction prohibiting the defendant from terminating the plaintiffs' lease to certain premises, and a proceeding pursuant to CPLR article 75 to compel arbitration, 26 Realty Associates appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 30, 1988, as granted the petition and directed the parties to proceed to arbitration, and (2) an order of the same court, dated August 29, 1988, as, upon reargument, adhered to the prior determination directing the parties to proceed to arbitration.

Ordered that the appeal from the order dated June 30, 1988 is dismissed, as that order was superseded by the order dated August 29, 1988, made upon reargument; and it is further,

Ordered that the order dated August 29, 1988 is reversed insofar as appealed from, on the law, the petition is denied, and the order dated June 30, 1988 is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The respondents are commercial tenants occupying a unit at 26 Court Street, Brooklyn, a building owned and managed by the appellant 26 Realty Associates (hereinafter the landlord). The lease requires the tenants to pay, in addition to rent, a certain portion of the increase in labor rates, the amount of which was to be determined under a formula set forth in the lease. The lease states that the landlord shall provide the tenant with a statement of the labor rate, and that: "The statements thus furnished to Tenant shall constitute a final determination as between Landlord and Tenant of the * * * labor rate for the periods represented thereby, unless Tenant within fifteen (15) days after they are furnished shall in writing challenge their accuracy or their appropriateness. If landlord and Tenant cannot resolve any such dispute, it shall be determined by arbitration in accordance with the provisions of Article 31 of this Lease".

Because this arbitration clause is very narrow in scope, the issue of noncompliance with the condition precedent is properly for the court to determine in the first instance *(Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363-364; *Matter of Methodist Church [Glen-Rich Constr.*

*Corp.],* 29 AD2d 773; *Silverstein Props. v Paine, Webber, Jackson & Curtis,* 104 AD2d 769, 770, *affd* 65 NY2d 785). The 15-day period within which the tenants were to have challenged, in writing, the statement of labor rate increases provided by the landlord was a condition precedent to the tenants' right to demand arbitration. The tenants registered a timely protest to the landlord's original notification of increase. The landlord, however, withdrew its original notice and gave notification of a lesser increase, which the tenants did not timely challenge. Accordingly, the tenants did not meet the condition precedent and are not entitled to have the dispute determined by arbitration *(Silverstein Props. v Paine, Webber, Jackson & Curtis, supra).* Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.