■ In the Matter of the Arbitration between JACK KENT COOKE, INC., Appellant, and SAATCHI & SAATCHI NORTH AMERICA, Respondent. [635 NYS2d 611] —Order, Supreme Court, New York County (Stanley Parness, J.), entered March 14, 1995, which denied the petition to stay arbitration, unanimously reversed, on the law, and the petition is granted, with costs.

Under long-term commercial leases for several floors of two midtown Manhattan office buildings, the parties' predecessors in interest agreed in 1978 upon a rent escalation formula whereby the tenant would share certain operating expenses of the property. Under this formula, the landlord would furnish annually a detailed written statement of such expenses, payment of which would be due within 90 days, unless the tenant disputed the correctness thereof. Should there be an unsettled dispute, the tenant would have to submit the matter to arbitration within 270 days of receipt of the statement.

Through 1992, these annual adjustments were paid by the tenant without dispute. In 1993, respondent, the present tenant, hired an auditing consultant who raised certain questions about the methods used by the landlord in calculating the operating expenses in the annual rent escalations. Alleging fraud and breach of contract, respondent demanded arbitration, claiming reimbursement for rent overcharges *since 1980*. Petitioner thereupon commenced this proceeding, alleging that respondent's claims were untimely. The IAS Court denied the petition on grounds that the averment of untimeliness could be overcome by tolling of the Statute of Limitations for fraud, and by principles of equitable estoppel. Neither a tolling of the contractual time limit by way of fraud nor by equitable estoppel has any application to the situation here.

The parties to the contract were free to draft conditions precedent to the exercise of the right to arbitrate (*see, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1), and a clearly stated time limitation is one such valid prerequisite (*Home Ins. Co. v Olympia & York Maiden Lane Co.*, 219 AD2d 469). In interpreting a narrowly limited arbitration clause, the tenant's compliance with a time limitation becomes a question

for the court, not the arbitrator *(Silverstein Props. v Paine, Webber, Jackson & Curtis,* 65 NY2d 785, *affg* 104 AD2d 769). Here, the facts upon which respondent bases its challenge were available years before it hired an auditing consultant in 1993.

In order to prove fraudulent concealment, the tenant must set forth evidence of the landlord's false statements, made with fraudulent intent, and the tenant's reasonable reliance thereon. Respondent's failure to meet that burden precludes any effort to widen the narrowly limited entitlement to arbitration on grounds of equitable estoppel *(Matter of New York Plaza Bldg. Co. [Oppenheim, Appel, Dixon & Co.],* 103 AD2d 203). One to whom an allegedly false representation is made may not rely thereon if the means of obtaining the truth are available by the exercise of ordinary intelligence *(Sylvester v Bernstein,* 283 App Div 333, *affd* 307 NY 778). Inasmuch as the tenant was never denied access to the freely available books and records upon which the landlord's annual statements of operating expense were based, respondent cannot be heard to complain that it was fraudulently induced to pay these charges, or to forego challenging them in a timely manner.

Accordingly, respondent is contractually precluded from challenging by arbitration any statements of operating expenses issued by petitioner prior to August 1993. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.