■ HURON STREET REALTY CORP., Respondent, v SOL LORENZO, Appellant. [798 NYS2d 438]—

In an action to recover damages for fraud and breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), dated September 18, 2003, which, after a nonjury trial, and upon a decision of the same court dated July 30, 2003, is in favor of the plaintiff and against him in the principal sum of $25,942.50.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the cause of action alleging fraud is dismissed, and the matter is remitted to the Supreme Court, Kings County, to determine the amount of damages to be awarded for the breach of contract cause of action.

"Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]; *see Eickler v Pecora*, 12 AD3d 635 [2004]).

The Supreme Court's determination that the defendant breached the indemnity agreement was supported by a fair interpretation of the evidence. The plaintiff presented uncontroverted evidence that it notified the defendant in accordance with the terms of the indemnity agreement that one of the tenants made a claim for an overcharge.

Moreover, the Supreme Court providently exercised its discretion in determining a reasonable attorney's fee in accordance with the terms of the indemnity agreement (*see generally M. Sobol, Inc. v Wykagyl Pharmacy*, 282 AD2d 438, 439 [2001]; *Clifford v Pierce*, 214 AD2d 697, 698 [1995]). The defendant failed to present any evidence to contradict the testimony of the plaintiff's attorney.

However, the Supreme Court's determination that the defen-

dant was liable for fraud in the inducement was not supported by a fair interpretation of the evidence, and the plaintiff's cause of action alleging fraud should have been dismissed. "[O]ne to whom an allegedly false representation is made may not rely thereon if the means of obtaining the truth are available by the exercise of ordinary intelligence" (*Matter of Jack Kent Cooke, Inc. [Saatchi & Saatchi N. Am.]*, 222 AD2d 334, 335 [1995]).

The defendant represented to the plaintiff that one of the apartments in the building was being used solely for commercial purposes when the defendant knew that the tenant was using the apartment as a residence. However, the plaintiff's secretary testified that none of the plaintiff's representatives ever visited the apartment, or even the building, prior to the closing. Thus, the fact misrepresented by the defendant was not peculiarly within the knowledge of the defendant and could have been ascertained by the plaintiff by the means available to it through the exercise of ordinary intelligence (*see Eisenthal v Wittlock*, 198 AD2d 395, 396 [1993]). In light of these facts, as a matter of law, the plaintiff cannot establish that it rightfully relied upon any misrepresentation by the defendant (*id.*). Therefore, the plaintiff's cause of action alleging fraud in the inducement should have been dismissed.

The defendant's argument that the Supreme Court erred in failing to apply the doctrine of collateral estoppel to an order of the Civil Court of the City of New York, Kings County, is not properly before this Court, as the defendant concedes in his reply brief that the order upon which he bases his argument was never submitted to the Supreme Court (*see* CPLR 5526; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]).

We do not consider the defendant's remaining contention as it was raised for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 571 [2004]). Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.