OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized apartment located on the third floor of a nonfireproof multiple dwelling. In the notice to cure, landlord alleged that tenants’ “child care business” violated material terms of the lease which restrict the premises’ use to residential purposes, bar conduct that increases landlord’s insurance costs, and prohibit violations of the law. Aside from the claim that tenants operated a business not permitted in a residential building, the notice alleged only the general assertion that tenants were “not operating the business in compliance with applicable codes.” Following service of their answer, tenants moved for summary judgment dismissing the petition and landlord cross-moved for summary judgment. The court below granted tenants’ motion and dismissed the petition. This appeal ensued.
It is the public policy of this State to promote the availability of home child care by restricting local government regulation (see Social Services Law § 390 [12]; People v Town of Clarkstown, 160 AD2d 17, 24 [1990]) and private covenants (Quinones v Board of Mgrs. of Regalwalk Condominium I, 242 AD2d 52, 56-57 [1998]) that would inhibit the expansion of such day care services (see Crane Neck Assn. v New York City/Long Is. County Servs. Group, 61 NY2d 154, 164 [1984]). Thus, to the extent that the petition alleged that tenants’ child care activity, a “family day care home” (Social Services Law § 390 [1] [e]), violates the lease term prohibiting nonresidential use, it fails, without more, to state a cause of action (Alpha Dynamics Ltd. v Martinez, NYLJ, May 11, 2005, at 22, col 3 [Civ Ct, Bronx County]; Carroll St. Props. v Puente, 4 Misc 3d 896 [Civ Ct, NY County *44 2004]). We need not determine whether a lease term barring conduct that raises insurance rates may ever be enforced against the conduct herein at issue, since landlord’s submissions failed to establish that tenants’ family day care home adversely affected landlord’s insurance rates.
With respect to the third ground raised by landlord, i.e., that tenants’ alleged failure to operate their family day care home “in compliance with applicable codes” violated the lease provision prohibiting violations of the law, such ground, as set forth in the notice to cure, is too vague as it fails to allege any specific code violations (cf. Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]). The only reference in the petition or motion papers to any regulations or ordinances is the allegation that the building is situated in a residentially-zoned area. In light of the public policy of this State, we hold that the herein family day care activities do not violate residential zoning ordinances (cf. Matter of Park W. Vil. v Lewis, 62 NY2d 431 [1984]).
On appeal, landlord raises, for the first time, tenants’ alleged violations of specific regulations promulgated by the Department of Social Services with respect to family day care homes (18 NYCRR 417.1 et seq.). However, matters raised for the first time on appeal will not be considered (Huron St. Realty Corp. v Lorenzo, 19 AD3d 450 [2005]).
Patterson, J.P, Rios and Belen, JJ., concur.