In the Matter of Laszlo N. Tauber & Associates I, LLC, et al., Appellants, v Alliance Capital Management L.P., Respondent. [808 NYS2d 44]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered May 23, 2005, which denied and dismissed the petition brought pursuant to CPLR article 75 to permanently stay arbitration, and order, same court and Justice, entered July 5, 2005, which, upon the grant of reargument, adhered to the original determination, unanimously affirmed, with costs.

It is evident that the arbitration clause at issue was a narrow one, leaving the threshold determination of whether the condition precedent of timely notice of disagreement with the landlord's statement was met by the tenant for judicial rather than arbitral resolution (*see Matter of Laszlo N. Tauber & Assoc. I v American Mgt. Assn.*, 304 AD2d 413 [2003], citing *Silverstein Props. v Paine, Webber, Jackson & Curtis*, 65 NY2d 785 [1985]).

The court properly found that respondent tenant's request to audit petitioner landlords' rent escalation statement did not constitute notice of disagreement, as required by the lease (*see id.*, citing *Matter of Jack Kent Cooke, Inc. [Saatchi & Saatchi N. Am.]*, 222 AD2d 334 [1995]). However, respondent's subsequent protest was sufficient, since petitioners' failure to comply with the lease provision specifying the persons to whom notices were to be sent precluded them from invoking the lease provision requiring service of notices of disagreement within 120 days. Given the complex nature of the information contained in the notice, petitioners' failure to serve respondent's counsel, as required by the lease, was not merely technical or insubstantial, and thus the additional notice requirement was not waived by respondent's lack of timely objection.

We have considered petitioners' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Nardelli and Malone, JJ. [*See* 7 Misc 3d 1025(A), 2005 NY Slip Op 50741(U).]