■ VILLAGE OF MAMARONECK, Plaintiff, v TOWN OF RYE et al., Defendants and Third-Party Plaintiffs-Appellants. NEW YORK STATE THRUWAY AUTHORITY et al., Third-Party Defendants-Respondents; TOWN OF MAMARONECK, Third-Party Defendant-Appellant. [846 NYS2d 197]—

In an action, inter alia, for a judgment declaring that the defendants third-party plaintiffs are responsible for repairing and maintaining the superstructure and substructure of the North Barry Avenue Extension Bridge, the defendants third-party plaintiffs Town of Rye, Village of Port Chester, and Village of Rye Brook, and the third-party defendant Town of Mamaroneck appeal from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered December 22, 2005, which, after a nonjury trial, in effect, declared that the defendants third-party plaintiffs Town of Rye, Village of Port Chester, and Village of Rye Brook, the third-party defendant Town of Mamaroneck, and the plaintiff Village of Mamaroneck are solely responsible for maintaining and repairing the superstructure and substructure of the North Barry Avenue Extension Bridge.

Ordered that the appeal by the defendants third-party plaintiffs Town of Rye, Village of Port Chester, and Village of Rye Brook, and the third-party defendant Town of Mamaroneck from so much of the judgment as, in effect, declared that the plaintiff Village of Mamaroneck is responsible for maintaining and repairing the superstructure and substructure of the North Barry Avenue Extension Bridge, is dismissed, as they are not

aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants-respondents.

The Supreme Court properly determined that responsibility for maintaining and repairing the superstructure and substructure of the North Barry Avenue Extension Bridge (hereinafter the Bridge) reverted by operation of law to the defendants third-party plaintiffs Town of Rye, Village of Port Chester, and Village of Rye Brook, and to the third-party defendant Town of Mamaroneck (hereinafter collectively the appellants) upon completion of the Bridge's construction. We discern no basis to disturb the Supreme Court's determination as it was "warranted by the facts" in the record (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *see Wright v Cetek Tech., Inc.,* 25 AD3d 602 [2006]; *Huron St. Realty Corp. v Lorenzo,* 19 AD3d 450, 451 [2005]). The overwhelming evidence established that a letter dated December 26, 1959, by the New York State Department of Public Works (hereinafter the Letter), was typical of the reversion letters routinely sent to local municipalities when road or bridge relocation work was completed. There was little or no evidence to support the appellants' contention that the Letter was, in effect, an agreement by the third-party defendants New York State Thruway Authority and New York State Department of Transportation to share responsibility for the maintenance and repair of the Bridge with the local municipalities.

We note that to the extent the brief filed on behalf of the appellants purports to be on behalf of the plaintiff, no notice of appeal was filed on the plaintiff's behalf. Since the appellants are not aggrieved by that portion of the judgment which, in effect, declared that the plaintiff is responsible for maintaining and repairing the superstructure and substructure of the Bridge, we must dismiss their appeal from that portion of the judgment and that issue has not been considered on this appeal.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Ritter, Dillon and Carni, JJ., concur. [*See* 11 Misc 3d 1054(A), 2005 NY Slip Op 52268(U) (2005).]