In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Ruderman, J.), dated September 12, 2012, which, after a nonjury trial, is in favor of the defendant and against them dismissing the claim.
Ordered that the judgment is affirmed, with costs.
The Court of Claims properly concluded that there was no basis for imposing liability on the defendant New York State Thruway Authority (hereinafter the NYSTA) for the subject accident on the Mountainview Avenue Bridge (hereinafter the bridge). The court properly determined that responsibility for maintaining and repairing the bridge reverted by operation of law to the Village of Nyack upon completion of the construction of the bridge. We discern no basis to disturb the court’s determination, as it was “warranted by the facts” in the record (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Village of Mamaroneck v Town of Rye, 45 AD3d 577, 578 [2007]; Wright v Cetek Tech., Inc., 25 AD3d 602 [2006]). The evidence established that a reversion letter dated January 3, 1957, which was sent by the NYSTA upon the completion of the initial construction of the bridge, set forth that the sidewalks and other appurtenances “shall be maintained and kept in repair by the town.” The municipality’s responsibility for the maintenance of the bridge was further confirmed by additional correspondence sent in 1992 and 1993 and is consistent with Public Authorities Law § 359 (4), which provides that highways carried over a thruway section “shall, upon completion of the work, revert to and become the responsibility, with regard to maintenance and repair, of the . . . municipality . . . formerly having jurisdiction there over” (see Village of Mamaroneck v Town of Rye, 45 AD3d at 578; Carlino v County of Albany, 178 AD2d 772, 773 [1991]). Moreover, there was insufficient admissible evidence to support the claimants’ contention that the NYSTA had assumed any *663 such duty of maintenance, or that a special relationship existed between the NYSTA and the injured claimant (see Pelaez v Seide, 2 NY3d 186 [2004]).
The claimants’ remaining contentions are without merit.
Mastro, J.E, Leventhal, Chambers and Austin, JJ., concur.