121 Irving MGM, LLC, Appellant,
against
Jeanette Perez, Respondent, et al., Undertenants.




Harwood Reiff, LLC (Simon W. Reiff of counsel), for appellant.
Make the Road New York (Ezra Kautz of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (John H. Stanley, J.), entered August 22, 2017. The final judgment, insofar as appealed from, upon a decision of that court dated January 18, 2017 (56 Misc 3d 694), after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated January 18, 2017 is deemed a premature notice of appeal from the final judgment entered August 22, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized apartment on the grounds, insofar as is relevant to this appeal, that tenant had violated a substantial obligation of the tenancy (see Rent Stabilization Code [RSC] [9 NYCRR] § 2524.3 [a]) and created a nuisance at the premises (see RSC [9 NYCRR] § 2524.3 [b]), by cooking 12-15 lunches six days each week for sale outside of the building.[FN1]
Following a nonjury trial, the [*2]Civil Court dismissed the petition (56 Misc 3d 694 [2017]).

RSC (9 NYCRR) § 2524.3 (b) provides for a tenant's eviction where "[t]he tenant is committing or permitting a nuisance in such housing accommodation or the building containing such housing accommodation." "A nuisance is a condition that threatens the comfort and safety of others in the building" (Frank v Park Summit Realty Corp., 175 AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]; accord Mautner-Glick Corp. v Tunne, 38 Misc 3d 126[A], 2012 NY Slip Op 52320[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To constitute a nuisance, the tenant's use of property "must interfere with a person's interest in the use and enjoyment of land," which "encompasses the pleasure and comfort derived from the occupancy of land and the freedom from annoyance" (Domen Holding Co. v Aranovich, 1 NY3d 117, 123-124 [2003]). 

In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Here, the record supports the Civil Court's determination that landlord did not establish that tenant's conduct constituted a nuisance. Landlord did not submit any evidence that tenant's cooking was interfering with anyone's use and enjoyment of the building. Indeed, landlord's witness admitted that landlord had not received any complaints from neighbors. Furthermore, the Civil Court properly rejected, under the circumstances presented, landlord's contention that tenant's cooking threatens the comfort and safety of others in the building.

Since landlord admits that it does not possess a written lease for tenant, and it did not otherwise establish the terms of the tenancy, it could not establish a violation of a substantial obligation of the tenancy (cf. Matter of Park W. Vil. v Lewis,62 NY2d 431 [1984] [identifying the lease clause allegedly violated]; Ram I v Stuart,248 AD2d 255 [1998] [same]; Marick Real Estate, LLC v Ramirez, 11 Misc 3d 42 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] [same]). Landlord's remaining contentions are without merit.

Accordingly, the final judgment, insofar as appealed from, is affirmed. 

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 24, 2019



Footnotes

Footnote 1:Landlord's claim that tenant's use of the apartment was illegal (see RSC § 2524.3 [c]) was stricken in pretrial motion practice and no issue is raised on appeal with respect thereto.