Per Curiam Opinion; Partial Concurrence and Partial Dissent by Judge FERNANDEZ.
PER CURIAM.
In 1994, Shelly Elias filed for Chapter 11 bankruptcy. The Lisowski Law Firm (“Lisowski”), which had represented Elias in the past, was appointed bankruptcy counsel after failing to reveal to the bankruptcy court that a few days earlier it had accepted several thousand dollars from Elias as a retainer and to discharge a prior debt. After Elias and Lisowski had a falling out and Elias dismissed her bankruptcy case, Lisowski sued Elias in state court for attorney’s fees. Elias contended that Lisowski was not entitled to fees because the non-disclosure rendered the appointment invalid. The state court asked the bankruptcy court to rule on the propriety and the amount of the fees. The bankruptcy court declined to reopen to set aside the order appointing Lisowski as bankruptcy counsel and also declined to consider the fee issue. The Bankruptcy Appellate Panel affirmed. See Elias v. Lisowski (In re Elias), 215 B.R. 600 (9th Cir. BAP 1997). Elias appeals.
Athough the parties debate whether Lisowski acted improperly in failing to disclose its prior dealings with Elias, that issue is not before us on appeal. The questions we must decide are whether the bankruptcy court abused its discretion when it declined to reopen to set aside the appointment order and whether it improperly declined to adjudicate the attorney’s fees. “We review the bankruptcy court’s decision independently, without deference to the BAP.” Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir.1998), cert. denied, — U.S. —, 119 S.Ct. 2029, 143 L.Ed.2d 1039 (1999). We hold that the bankruptcy court properly declined both to reopen and to consider the fees.
The bankruptcy court generally has discretion regarding whether it should reopen proceedings to reconsider its prior orders. See 11 U.S.C. § 350(b). It did not abuse its discretion in declining to do so in this case. There would have been no point in reopening the case to consider Elias’ motion to vacate the appointment of Lisowski, for Lisowski had already completed its services, and retroactive vacation was not necessary for a determination of fees in favor of Elias. See In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir.1995).
*1162 We also affirm the bankruptcy court’s refusal to consider the fees. A post-dismissal motion to enforce a fee agreement between a debtor and her attorney is ancillary to the bankruptcy court’s core function of adjudicating the estate. See, e.g., Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478, 481 (9th Cir.1989) (citing U.S.A. Motel Corp. v. Banning, 521 F.2d 117 (9th Cir.1975)). The bankruptcy court has discretion to refuse to hear ancillary matters. See In re Casamont Investors, 196 B.R. 517, 521-23 (9th Cir. BAP 1996). Because we agree with the bankruptcy court that the state court is fully capable of resolving the fee dispute in this case, we hold that the bankruptcy court did not abuse its discretion in declining to decide the fee issue.
AFFIRMED.