**In re KENT FUNDING CORP., Debtor.**

No. 801–80499–478.

United States Bankruptcy Court,
E.D. New York.

March 5, 2003.

Mitchell Pashkin, Esq., Huntington, NY, for Movant.

Joseph Fontanetta, Esq., Babylon, NY, for Debtor.

## MEMORANDUM DECISION AND ORDER

DOROTHY EISENBERG, Bankruptcy Judge.

Before the Court is an Order to Show Cause filed by Kent Funding Corp. (the "Debtor") seeking to reopen a closed Chapter 11 case which had been dismissed for cause, for the purposes of fixing the appropriate legal fees to be awarded its former bankruptcy counsel. The Court had granted the portion of the Order to Show Cause seeking to reopen the case and had directed Pashkin and Brady, the Debtor's former bankruptcy counsel, to file an appropriate fee application for the Court to consider. Pashkin and Brady also filed an Order to Show Cause seeking (i) to vacate the Court's order reopening the Debtor's case, (ii) a stay pending appeal of the Court's prior decision to reopen the Debtor's case, or (iii) additional time to file its fee application. For the reasons set forth below, the Court vacates its prior order reopening the Debtor's case, and denies the Debtor's request for this Court to determine the appropriate fees to award Pashkin and Brady. The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52, as made applicable by Bankruptcy Rule 7052.

### FACTS

On January 23, 2001, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. At the time of the filing, the Debtor's business consisted of hauling and transporting municipal waste and cars, repossessions for financial institutions and the transport of exotic vehicles for dealers. The law firm of Pashkin and Brady ("P & B") filed the Chapter 7 petition on behalf of the Debtor. The petition was woefully incomplete in that the Debtor failed to file, *inter alia*, a certified copy of corporate resolutions authorizing the filing, a Rule 2017 Statement, a Summary of Schedules, any Schedules, and a Statement of Financial Affairs. Neil Ackerman, Esq. was appointed as Chapter 7 Trustee (the "Chapter 7 Trustee"). On February 9, 2001, Paccar Financial Corp. filed a motion to vacate the stay to permit it to foreclose its security interest in certain trucks and trailers owned by the Debtor, which motion was scheduled for a hearing on March 8, 2001. On February 12, 2001, the Debtor filed an Order to Show Cause seeking to convert the case to a case under Chapter 11, and seeking to restrain the Chapter 7 Trustee from closing the Debtor's business or collecting any funds from the Debtor pending the hearing on the Order to Show Cause seeking to convert the case. According to the Affidavit of the Debtor's principal, he was in a confused and depressed state, and did not believe that the Debtor could work out its problems with Paccar Financial Corp., its largest secured creditor. The Order to Show Cause was signed and at the hearing on February 20, 2001, the Court granted the Debtor's request and converted the case to a case under Chapter 11. Given the limited and incomplete filing, together with the precarious nature of the Debtor's financial situation, the Court scheduled a hearing for March 8, 2001 to determine whether the Debtor had the financial ability to reorganize under Chapter 11 and whether the Debtor could comply with the numerous reporting requirements imposed on Chapter 11 debtors-in-possession. In the meantime, the Debtor cured the deficiencies of its original filing on February 23, 2001.

On March 1, 2001, Ford Motor Credit Company ("FMCC") filed a motion seeking to compel the Debtor to assume or reject a car lease, or seeking vacatur of the stay returnable April 5, 2001, which was ad-

journed to April 26, 2001. In the meantime, the Debtor settled the motion to vacate the stay filed by Paccar Financial Corp., and the Debtor's status conference was ultimately adjourned to April 26, 2001. On April 16, 2001, an order authorizing the retention of P & B as counsel to the Debtor was entered. On April 23, 2001, the Debtor filed its Monthly Report of Operations for March, 2001, which were deemed deficient by the Office of the United States Trustee pursuant to its guidelines. At the April 26, 2001 hearing, FMCC's motion to vacate the stay was granted by the Court and the status hearing was adjourned to May 10, 2001.

The Office of the United States Trustee (the "U.S. Trustee") filed an Order to Show Cause to Convert the Case to a Case under Chapter 7 or in the Alternative to Dismiss the Case. Among the grounds cited for seeking conversion or dismissal of the case was that P & B was paid $10,000 post petition without filing a fee application before this Court and without obtaining Court authorization to receive a post-petition retainer payment. The U.S. Trustee further alleged that the Debtor purchased a significant amount of new equipment post petition, incurring debt without obtaining prior approval of the Court. The Debtor filed opposition papers, and at the return date on May 10, 2001, the Debtor, through its counsel, argued against conversion, but did not oppose dismissal. After hearing all parties, the Court dismissed the Debtor's case with prejudice for 180 days on condition that the Debtor pay the quarterly U.S. Trustee fees within seven days or the case would be converted to a Chapter 7. On May 18, 2001, an order was entered closing the Debtor's case. On May 24, 2001, the Court reopened the case on its own application, finding that the case was closed due to administrative error and no notice of dismissal had been issued. An Affidavit

was filed by the U.S. Trustee's Office indicating that the Debtor had paid the quarterly U.S. Trustee's fees, and the Debtor's case was dismissed. Thereafter, on June 5, 2001, an order was entered closing the dismissed case.

The Court's recollection and the Court Docket reflect that the Court had limited knowledge of what the Debtor and its counsel actually did or accomplished in this case on behalf of the Debtor.

After dismissal of the Debtor's case, P & B sought to collect fees allegedly due from its client, the Debtor which were incurred as a result of the Debtor's bankruptcy filing. In January 2002, P & B commenced an action against the Debtor in state court seeking to recover the legal fees in question (the "State Court Action"). Of the approximately $20,000 sought by P & B in the State Court Action, approximately $15,000 was allegedly incurred in connection with the Debtor's bankruptcy filing.

The State Court Action is presently pending. In the State Court Action, P & B moved for partial summary judgment which was denied by the Hon. W. Bromley Hall. Judge Hall noted that the retention order signed by this Court on April 16, 2001 states that all compensation of P & B shall be "subject to Court approval upon proper application." (Debtor's Ex. B). According to Judge Hall, granting P & B's motion "would undermine the order of the Bankruptcy Court and cannot be allowed." (Debtor's Ex. B). The State Court Action was then reassigned to Judge Dunn who advised P & B to move to reargue its motion in the State Court for partial summary judgment. P & B made a subsequent motion for partial summary judgment, which was returnable on January 29, 2003.

On January 22, 2003, Joseph Fontanetta, Esq., on behalf of the Debtor, presented to this Court an Order to Show cause to reopen the case pursuant to 11 U.S.C. § § 350(b) and 105 for the limited purpose of determining legal fees to be awarded to P & B as counsel to the Debtor. P & B was in attendance at the presentment, and the Court granted the portion of the Order to Show Cause which sought to reopen the case for the purpose of fixing P & B's fees. The Court scheduled a hearing on the appropriate fees to award P & B for March 4, 2003.

By order dated January 29, 2003, the Court ordered that the Debtor's case be reopened for the limited purpose of requiring P & B to file a fee application with this Court by February 14, 2003 to permit the Court to determine the appropriate fees to be awarded to P & B ("the January 29th Order"). On February 4, 2003, P & B filed a Notice of Appeal of the January 29th Order. On February 5, 2003, P & B filed an Order to Show Cause seeking to (1) vacate this Court's order reopening the case, (2) obtain a stay pending appeal of the Court's order dated January 29, 2003, or (3) obtain an extension of time to file a fee application with the Court.

### DISCUSSION

1.  Vacatur of the January 29th Order.

■ Bankruptcy jurisdiction is governed primarily by 28 U.S.C. § 1334. The jurisdictional issues raised by P & B's Order to Show Cause are whether this Court has jurisdiction over a case after dismissal and whether 11 U.S.C. § 350(b) is the appropriate section of the Bankruptcy Code to employ in this case given that it was dismissed without being administered. According to P & B, § 350(b) cannot be utilized to reopen the Debtor's case because it was not "closed" pursuant to § 350(a) of the Bankruptcy Code.

■ First, clarification of the effect of dismissing a Chapter 11 case versus closing a Chapter 11 case is in order. The Court dismissed the Debtor's case with prejudice for cause and an order was entered in this case reflecting the Court's decision approximately ten days prior to closure of the case. Dismissal of a case under § 349(b) of the Bankruptcy Code is an event distinct from closure of a case. 11 U.S.C. § 349(b) provides:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

> (1) reinstates—

> (A) any proceeding or custodianship superseded under section 543 of this title;

> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or 551 of this title; and

> (C) any lien voided under section 506(d) of this title;

> (2) vacates any order, judgment, or transfer ordered, under section 522(I)(1), 542, 550, or 553 of this title; and

> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

"The basic purpose of [Section 349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977), U.S.Code Cong. & Admin. News 1978, 5963, 6294; S.Rep. No. 989, 95th Cong., 2d Sess. 48—49 (1978), U.S.Code Cong. & Admin. News 1978, 5787, 5835. "After an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts." *In re Income*

*Property Builders, Inc.,* 699 F.2d 963, 965 (9th Cir.1982). Once the Debtor's Chapter 11 case was dismissed, the Debtor reverted back to its pre-bankruptcy status. However, dismissal of a bankruptcy case does not terminate all proceedings in the Bankruptcy Court. For example, a Chapter 13 case will remain open after dismissal to provide for approval of the Chapter 13 trustee's final report and discharge of the Chapter 13 trustee. *In re Aheong,* 276 B.R. 233, 239 (9th Cir. BAP 2002).

■■■■ The dismissal of a Chapter 11 case pursuant to Section 350(a) of the Bankruptcy Code is complete only after the bankruptcy proceedings are administered and fully completed. 11 U.S.C. § 350 states that "(a) after an estate is fully administered and the court has discharged the trustee, the court shall close the case. (b) a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In a Chapter 11 proceeding, Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered ... the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Therefore, in order to "close" a Chapter 11 case under § 350(a) of the Bankruptcy Code, a final decree must be entered reflecting full administration of the estate. In this instance, the Debtor's case was not "closed" pursuant to § 350(a) of the Bankruptcy Code. Without having closed the case under § 350(a), the Court could not "reopen" the case under § 350(b) of the Bankruptcy Code. *See In re Critical Care Support Services,* 236 B.R. 137, 140–141 (E.D.N.Y. 1999) *("Critical Care")* (Dismissed Chapter 11 case could not be reopened under § 350(b) because it had never been "closed" under the meaning of § 350(a) of the Bankruptcy Code.). Therefore, the January 29, 2003 Order reopening the case

pursuant to Section 350(b) was entered in error and it shall be vacated.

2. Jurisdiction to Entertain Fee Application.

A. Rule 60(b).

Despite the fact that the January 29, 2003 Order was entered erroneously, the Court must still consider whether it has any jurisdictional grounds to entertain the fee application of P & B, or whether the State Court is the appropriate forum to hear and determine P & B's legal fees incurred in connection with this Bankruptcy case. In other words, given that § 350(b) of the Bankruptcy Code is inapplicable to the facts of this case, are there any other grounds for retaining jurisdiction to determine the appropriate fees to be awarded to P & B?

Debtor urges the Court to treat its motion to reopen the case as a request to set aside the Order dismissing the Debtor's case entered on May 24, 2001 and to analyze the motion pursuant to Bankruptcy Rule 9024, which makes Rule 60(b) of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Rule 60(b) provides that a court may relieve a party from a judgment on the following grounds:

    (1) mistake, inadvertence, surprise or excusable neglect;

    (2) newly discovered evidence;

    (3) fraud, misrepresentation or other misconduct of an adverse party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged, a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

    (6) any other reason justifying relief.

Because more than one year has passed after entry of the order dismissing the

Debtor's petition before the filing of the Order to Show Cause to reopen the Debtor's case, the Debtor cannot rely on clauses (1), (2) or (3) of Rule 60(b). The one-year limitation bars actions brought under these clauses. *In re Woodhaven, Ltd.*, 139 B.R. 745, 749 (Bankr.N.D.Ala.1992) (citing *United States v. Berenguer*, 821 F.2d 19 (1st Cir.1987); *Schauss v. Metals Depository Corp.*, 757 F.2d 649 (5th Cir.1985)). Clauses (4) and (5) do not apply to the situation at hand. Therefore, the only clause upon which the Debtor can rely is clause (6).

■■■ The Court's decision whether to grant the Debtor relief under Rule 60(b)(6) "lies within the sound discretion of the bankruptcy court." *Critical Care*, 236 B.R. at 141–142 (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991)). Although no time limit is fixed for making a motion under Rule 60(b)(6), such motion must be made within a "reasonable time." *Critical Care*, 236 B.R. at 144. In this case, the Court finds that the motion was made within a reasonable time because the issue of whether this Court is the appropriate court to hear and determine P & B's request for fees only recently came into question in the State Court Action.

■■■ Having found that the motion to reopen the Debtor's case is not time barred, the Court must now determine whether it should exercise its discretion and grant the motion, keeping in mind that Rule 60(b) is a source of extraordinary relief, and should be invoked only on a showing of exceptional circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (other citations omitted.). In this case, although this Court has the discretion to hear the fee dispute, such relief is not warranted. The State Court is capable of determining the appropriate fees to award P & B. Certainly the State Court can and will review P & B's fee application

and apply the standards set forth in 11 U.S.C. § 330, which provides in relevant part:

(a)(1) ... the court may award to ... a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the ... professional person, or attorney ... and

(B) reimbursement for actual, necessary expenses.

(2) the court may, on its own motion, ... award compensation that is less than the amount of compensation that is requested.

(3)(A) in determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) ... the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\*   \*   \*   \*   \*   \*

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331 [interim compensation], and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) any compensation awarded for the preparation of a fee application shall be based on the level and the skill reasonably required to prepare the application.

Although the State Court may not be fully familiar with § 330 of the Bankruptcy Code, the State Court has the required expertise to evaluate P & B's fee request, especially since § 330 of the Bankruptcy Code contemplates a comparison of the reasonableness of the fees requested to the fees charged by attorneys in non-bankruptcy cases. The State Court can review P & B's time records and determine the value of the service provided to its client, using the guidelines set forth above. In sum, there is nothing peculiar to P & B's fee request which would compel the Bankruptcy Court to grant relief under Rule 60(b)(6) and hear the matter.

**B. Retention of Ancillary Jurisdiction.**

■ In addition to the Court's power to entertain the Debtor's motion to reopen the case under Rule 60(b), the Court also retains ancillary jurisdiction to entertain a post-dismissal motion to enforce a fee agreement between a debtor and its bankruptcy counsel. *In re Elias*, 188 F.3d 1160 (9th Cir.1999). Although there appears to be little case law on this issue in the Second Circuit, the Ninth Circuit Court of Appeals has held that after dismissal of the bankruptcy case, the bankruptcy court retained jurisdiction "to dispose of ancillary matters such as an application for an award of attorneys fees for services rendered in connection with the underlying action." *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir.1989) (other citations omitted.). This grant of ancillary jurisdiction is discretionary. *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 162 (2d Cir.1995); *In re Elias*, 188 F.3d at 1162. Therefore, the bankruptcy court may hear a fee request, but the bankruptcy court may exercise its discretion and refuse to hear the matter.

■ For the reasons set forth above, the Court in its discretion denies the Debtor's request to reopen this case solely for the purpose of fixing P & B's fees. The State Court is able to determine the appropriate fees to award P & B, and the guidelines set forth in § 330 of the Bankruptcy Code are incorporated above.

**CONCLUSION**

1. The Court's prior order dated January 29, 2003 which reopened the Debtor's case pursuant to 11 U.S.C. § 350(b) is vacated. The Debtor's case should not be reopened under 11 U.S.C. § 350(b) because the Debtor's estate was never fully administered and no final decree was ever entered.

2. The Court has the discretion to exercise its ancillary jurisdiction over the Debtor's request to fix the legal fees for P & B

3. Although the Court continues to retain ancillary jurisdiction of a dismissed case, this Court declines to exercise its discretion to grant the Debtor's relief from the order dismissing the bankruptcy case in order to determine the fees to be award-

ed to P & B. The State Court is already familiar with the matter and is fully capable of applying the guidelines set forth in 11 U.S.C. § 330 in order to fix the appropriate legal fees in favor of P & B for legal service provided to the Debtor in regard to this bankruptcy case.

The above being the decision of this Court, it is SO ORDERED.