In re: **LINCOLN HOSPITAL MEDICAL CENTER, INC., Debtor,**

**Weinstein, Eisen & Weiss, f/k/a Weinstein Eisen Weiss & Rothschild LLP, Appellant,**

v.

**Steven J. Katzman, United States Trustee; Official Committee of Unsecured Creditors of California Psychiatric Management Services, Appellees,**

**United States Trustee, Appellee.**

**No. 05–55891.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

David R. Weinstein, Esq., Aram Ordubegian, Esq., Weinstein Weiss & Or-

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

dubegian, LLP, Los Angeles, CA, for Appellant.

Alvin Mar, Esq., Office of the United States Trustee, Peter J. Gurfein, Esq., Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA, for Appellees.

Robert M. Loeb, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Appellee.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY,** District Judge.

## MEMORANDUM ***

Weinstein, Eisen & Weiss LLP ("WEW") appeals the district court's affirmance of an order of the bankruptcy court rejecting an application filed by Lincoln Hospital Medical Center, Inc. ("Lincoln") for authority to employ WEW as its Chapter 11 bankruptcy counsel.

In November 2002, when Lincoln filed for bankruptcy and applied for authority to employ WEW as its counsel, the president and one-third owner of Lincoln was John J. Carvelli. Lincoln's treasurer and chief financial officer was Bryan Weiss. At the same time as Lincoln sought to employ WEW, WEW represented another Chapter 11 debtor, California Psychiatric Management Services ("CPMS"). Carvelli and Weiss had been on CPMS's post-petition management committee until July 2002. In August 2002, CPMS's committee of unsecured creditors sued Carvelli and Weiss, alleging that Carvelli and Weiss stole $1.5 million from CPMS's estate. A stipulated order entered in CPMS's bankruptcy, signed on CPMS's behalf by its counsel, David R. Weinstein of WEW, obliged CPMS to assist the CPMS creditors committee in prosecuting any potential litigation. In the CPMS creditors committee's suit against Carvelli and Weiss, Weinstein was identified as a potential witness.

In the Lincoln bankruptcy, the CPMS creditors committee and the United States Trustee objected to WEW's employment as Lincoln's counsel. The bankruptcy court refused to authorize Lincoln's employment of WEW. The Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") affirmed the bankruptcy court's interlocutory order denying WEW's appointment as counsel, and we refused to hear an interlocutory appeal of the BAP's ruling. When the bankruptcy court dismissed Lincoln's Chapter 11 petition, the bankruptcy court's interlocutory order denying the appointment of WEW became final, and WEW appealed that order to the district court. The district court affirmed the bankruptcy court's denial of Lincoln's application to employ WEW. 28 U.S.C. § 158(d)(1) gives us jurisdiction over WEW's appeal of the district court's final order.

We independently review the decision of the bankruptcy court, giving no deference to the district court's decision. *In re Strand,* 375 F.3d 854, 857 (9th Cir.2004). We review the bankruptcy court's decision to deny employment of counsel for abuse of discretion. *See In re Elias,* 215 B.R. 600, 603 (9th Cir. BAP 1997), *aff'd,* 188 F.3d 1160 (9th Cir.1999) (per curiam). We may affirm the bankruptcy court's decision

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

on any ground supported by the record. *In re Olsen,* 36 F.3d 71, 73 (9th Cir.1994).

Under § 327(a) of Bankruptcy Code, 11 U.S.C. § 327(a), an attorney must satisfy two requirements to qualify to serve as the debtor's attorney. First, the attorney must "not hold or represent an interest adverse to the estate," and, second, the attorney must be a "disinterested person[ ]." Under the version of the Code applicable to this case, an attorney is disinterested if the attorney "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor … or for any other reason." 11 U.S.C. § 101(14)(E) (2000).[1]

The United States Trustee offers two explanations for why WEW's employment as counsel would be adverse to the interest of the estate of Lincoln. First, the Trustee asserts that Carvelli and Weiss might overpay or overuse WEW as counsel in the Lincoln bankruptcy to curry favor with WEW so that WEW, and Weinstein in particular, would not fully assist the CPMS creditors committee in pressing their $1.5 million claim against Carvelli and Weiss. However, there is no evidence in the record to suggest that Carvelli, Weiss, or WEW did or would have acted in such a manner, and therefore we do not rely upon this ground.

The second reason the Trustee offers for why WEW's employment would be ad-verse to the interest of Lincoln's estate is more persuasive. Under the stipulation entered in the CPMS bankruptcy, WEW, as counsel to CPMS, had to help CPMS's creditors committee maximize the amount of damages it could recover from Carvelli and Weiss, and Weinstein may have been called to testify against Carvelli and Weiss. As counsel in Lincoln's bankruptcy, however-er, WEW's duty would have been to work *with* Carvelli and Weiss to help Lincoln maximize payments to its creditors. Any informal actions of Weinstein or his firm to aid the CPMS creditors committee, and testimony by Weinstein against Carvelli and Weiss, if that materialized, would like-ly have created some tension between WEW and Lincoln's management and thus impaired WEW's ability to work constructively with Carvelli and Weiss in Lincoln's bankruptcy. As the district court noted, "[t]his would have placed WEW in the impossible position of working cooperative-ly with Carvelli and Weiss in the Lincoln matter, while taking a position adverse to them in the [CPMS] matter." It is not necessary that such possibilities were a certainty; it is enough if there was any genuine risk that counsel's ability to work with the principals of Lincoln might be impaired. In light of the broad discretion of a bankruptcy court to approve counsel for a debtor with the interest of the estate in mind, we conclude that the bankruptcy court did not abuse its discretion in reject-ing Lincoln's application to employ WEW as its bankruptcy counsel.[2] Our reaching

---

1. In the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 § 414, Pub.L. No. 109–8, 119 Stat. 23, 107, Congress amended and recodified 11 U.S.C. § 101(14)(E) as 11 U.S.C. § 101(14)(C) to eliminate the section's applicability to invest-ment banks. The amendment did not affect the language relevant to this case, and our analysis would be the same under either ver-sion of the Code.

2. In its opening brief to our court, WEW states that "[b]y the time the Lincoln case arose, Carvelli and Weiss had been out of the CPMS Case for five months." If so, this would alleviate the risk that Weinstein would have to take actions assisting the CPMS credi-tors committee's claims, or would be asked to testify, against Carvelli and Weiss, and WEW's employment would not be adverse to the interest of Lincoln's estate. However, it

of this conclusion does not reflect negatively on the character or competence of Weinstein or any lawyer at WEW.

**AFFIRMED.**

appears to us that WEW's factual assertion is not supported by the record. Lincoln's application to employ WEW, filed on the first day of Lincoln's bankruptcy, indicates that the CPMS litigation against Carvelli and Weiss was ongoing. Although it appears that five months before Lincoln filed for Chapter 11 protection Carvelli and Weiss *resigned from the CPMS management committee,* these resignations did not alleviate the risk that Weinstein would have to take some action adverse to Carvelli and Weiss in the CPMS matter, which would create problems for WEW in working effectively for Carvelli and Weiss in the Lincoln matter in the best interest of Lincoln's estate.

