

**FILED**

MAR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

PATRICK CASTRO, an Arizona resident,

Plaintiff-Appellee,

v.

C&C VERDE LLC, DBA Midas, an
Arizona limited liability company;
CHRISTOPHER CONFORTI, an Arizona
resident,

Defendants-Appellants,

and

NICHOLAS CONFORTI, an Arizona
resident,

Defendant.

Nos.   23-15488
           23-16217

D.C. No. 2:18-cv-04715-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted September 9, 2024
Phoenix, Arizona

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge RAWLINSON.
Partial Concurrence and Partial Dissent by Judge COLLINS.

In these consolidated appeals, Defendants-Appellants C&C Verde LLC and Christopher Conforti ("Appellants") challenge orders relating to the entry of default judgments against them and the award of attorney's fees to Plaintiff-Appellee Patrick Castro ("Castro"). Insofar as we have jurisdiction under 28 U.S.C. § 1291, we review the orders for abuse of discretion. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (set aside default judgment); *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (reconsideration); *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (attorney's fees). As to the appeal docketed as No. 23-15488, we dismiss in part for lack of jurisdiction and affirm in part. As to the appeal docketed as No. 23-16217, we affirm in part and vacate and remand in part.

1. Regarding the appeal docketed as No. 23-15488, the notice of appeal filed on March 30, 2023 is untimely as to the district court's July 9, 2019 default judgments against Appellants and its October 9, 2019 order awarding additional attorney's fees to Castro, but timely as to the district court's December 7, 2022 order granting in part Appellants' motion to set aside the default judgments against them and its March 2,

---

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2023 order granting Castro's motion to reconsider. Fed. R. App. P. 4(a)(1)(A). The court has jurisdiction only to review the orders that were timely appealed. *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007).

2. The district court did not abuse its discretion in concluding that there was not good cause to set aside the default judgments because Appellants' culpable conduct led to the defaults. *See S.E.C. v. Osborne, Stern & Co.*, 70 F.3d 1280, 1281 (9th Cir. 1995). Appellants, who had previously consulted with counsel in relation to similar litigation, are legally sophisticated parties who had constructive or actual notice of Castro's complaint and failed to answer. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

3. The district court did not abuse its discretion in implicitly concluding that the default judgments should not be set aside on the basis that Castro defrauded the court. Even if Castro's affidavit in support of the default judgments contained false statements, perjury does not alone rise to the level of fraud on the court. *See, e.g.*, *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132-33 (9th Cir. 2022).

4. The district court did not abuse its discretion in reinstating the default judgments entered against Appellants based on Castro's voluntary dismissal of Appellants' former codefendant, Nicholas Conforti ("Nicholas"). After the district

court set aside the default judgments entered against Appellants on the basis that Nicholas was not properly served, Castro voluntarily dismissed Nicholas and moved for reconsideration of the order setting aside the default judgments. It was not an abuse of discretion for the district court to reinstate the default judgments on the basis that there was no longer a risk of future inconsistent judgments against jointly and severally liable defendants. *See Sch. Dist. No. 1J, 390 Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

5. Regarding the appeal docketed as No. 23-16217, initiated by the notice of appeal filed on September 6, 2023, we have jurisdiction to consider Appellants' appeal of the district court's August 28, 2023 order granting additional attorney's fees to Castro. *See In re Elias*, 188 F.3d 1160, 1164 (9th Cir. 1999).

6. The district court did not abuse its discretion in concluding that Castro, who despite losing some motions ultimately prevailed on his Fair Labor Standards Act claim, was a prevailing party under 29 U.S.C. § 216(b). *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

7. The district court did not abuse its discretion in concluding that District of Arizona Local Rule LRCiv 54.2 did not apply to Castro's motion. *See* LRCiv 54.2(a); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) (broad discretion

in interpreting local rules); *see also* LRCiv 83(f)(1)(A) (emphasis added) (district court "*may* impose appropriate sanctions" for violations of local rules).

8. The district court did abuse its discretion, however, in including in its August 28, 2023 order the sum of $5,108.00 in costs that it did not adequately explain. The district court's one-sentence treatment of the $5,108.00 in costs is "conclusory and unsupported by any analysis of the time records actually presented in this case[.]" *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). Because "the district court fail[ed] to provide a clear indication of how it exercised its discretion, we [] remand the fee award for the court to provide an explanation." *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 253 (9th Cir. 1995) (citation omitted). We otherwise affirm the August 28, 2023 order.

9. Finally, regarding Appellants' challenge to the district court's April 13, 2023 order denying their motion to reconsider, we lack jurisdiction because Appellants failed to identify this order in the notice of appeal filed on September 6, 2023. *See* Fed. R. App. P. 3(c)(1)(A); *West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017) (requirements jurisdictional). Alternatively, we vacate the April 13, 2023 order because Appellants' March 30, 2023 notice of appeal divested the district court of jurisdiction to enter it. *See Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984).

**NO. 23-15488 DISMISSED IN PART AND AFFIRMED IN PART. NO. 23-16217 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

**Each party shall bear his or its respective taxable costs.**



***Castro v. C&C Verde*, Case Nos. 23-15488 and 23-16217**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I join paragraphs 5, 6, 7, 8, and 9 of the memorandum disposition.

However, I respectfully dissent from the second phrase of paragraph 1, and from

paragraphs 2, 3, and 4. Under our precedent, the challenges to the district court's

order granting in part Appellants' motion to set aside the default judgments, and to

the district court's order granting Patrick Castro's motion to reconsider, are not

properly before us.

Under our precedent, a party "may [not directly] appeal after entry of a

default judgment . . . without having moved under either Federal Rule of Civil

Procedure 55(c) or 60(b) in the district court," and an "appeal . . . cannot be used as

a substitute for these procedures." *Consorzio Del Prosciutto di Parma v. Domain*

*Name Clearing Co., LLC*, 346 F.3d 1193, 1195 (9th Cir. 2003) (citations and

internal quotation marks omitted). Appellants' failure to seek relief in the district

court under Federal Rule of Civil Procedure 55(c) or 60(b) "mandates dismissal."

*Dreith v. Nu Image, Inc.,* 648 F.3d 779, 789 n.1 (9th Cir. 2011). The post-

judgment motions filed by Appellants did not cure this defect. *See id.*

Nevertheless, on the merits I agree that the district court acted within its discretion

in setting aside the default judgments and in awarding additional attorney's fees to

1

Castro. I also agree that we should remand for the district court to further explain

the award of $5,108 in costs.



*Castro v. C&C Verde LLC, et al.*, Nos. 23-15488, 23-16217

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the court's jurisdictional ruling in section 1 of its memorandum disposition. As to the merits of the appeal filed by Defendants-Appellants C&C Verde LLC and Christopher Conforti ("Appellants") challenging the reinstated default judgment against them, I would reverse that reinstated default judgment, and I would vacate the award of attorney's fees and costs that is predicated on that judgment. To the extent that the majority does otherwise, I respectfully dissent.

**I**

In his initial complaint, Plaintiff-Appellee Patrick Castro asserted various claims, jointly and severally, against the two Appellants as well as against an additional third Defendant named Nicholas Conforti ("Nicholas"). After all three Defendants failed to appear, the clerk entered a default against all three Defendants on March 27, 2019, and the district court subsequently entered a default judgment against them on July 9, 2019. More than two years later, Defendants moved to set aside the defaults and the default judgment under Rules 55(c), 60(b), and 60(d)(3) of the Federal Rules of Civil Procedure, contending that they had not been properly served, that there was good cause to set aside the defaults and the judgment, and that Castro had engaged in fraud on the court. On December 7, 2022, the district court granted this motion in part. The court held that because Nicholas had not

been properly served, the default and judgment against him had to be set aside under Rule 60(b)(4). The court further concluded that, because Nicholas was alleged to be jointly and severally liable with Appellants, the default judgment against all Defendants had to be set aside. *See Neilson v. Angela Shiu Rong Chang* (*In re First T.D. & Inv., Inc.*), 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (footnote omitted))). The court otherwise rejected Appellants' arguments that good cause existed under Rule 55(c) for setting aside the default and the default judgment, and it left the defaults against Appellants in place.

Castro then promptly filed a notice voluntarily dismissing his claims against Nicholas with prejudice. *See* FED. R. CIV. P. 41(a)(1)(A)(i). He then moved for reconsideration of the order setting aside the default judgment as to Appellants, arguing that, in light of the dismissal of Nicholas, the *Frow* rule relied upon by the district court no longer applied and that the court had rejected all of Appellants' other arguments for setting aside the default judgment. On March 2, 2023, the district court granted Castro's motion for reconsideration and re-entered the previously vacated default judgment against Appellants. Appellants then timely

moved for reconsideration, arguing that the court had overlooked Appellants'

arguments under Rule 60(d)(3). While that motion was still pending, Appellants

on March 30, 2023 filed a notice of appeal challenging the order reinstating the

default judgment, the order rejecting Appellants' other arguments for setting aside

the defaults and the default judgment, and the default judgment itself (including the

accompanying award of attorneys' fees). On April 13, 2022, the district court

clarified what it deemed to be "implicit in its prior [o]rders," namely, that

Appellants' Rule 60(d)(3) arguments lacked merit.

## II

I agree with the majority that Appellants' notice of appeal is "timely as to

the district court's December 7, 2022 order granting in part Appellants' motion to

set aside the default judgment[] against them and its March 2, 2023 order granting

Castro's motion to reconsider." *See* Memo. Dispo. at 2. Although those two

orders necessarily resolved issues that indirectly address the validity of the

underlying defaults and default judgment, I agree that we do not have jurisdiction

to *directly* review the original default judgment and associated attorney's fees

award. Our review is limited to the issues raised by Appellants' post-judgment

motion under Rules 55(c), 60(b), and 60(d)(3) and Castro's subsequent motion to

reconsider the order resolving that motion, and any indirect review of the defaults

and default judgment occurs within the framework of those motions. On that

3

understanding, I concur in section 1 of the majority's memorandum disposition.

### III

On the merits, I conclude that the district court abused its discretion in granting Castro's motion for reconsideration and re-entering default judgment against Appellants. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("We review . . . the grant of a default judgment for abuse of discretion."); *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013) ("We review for abuse of discretion the district court's decision to grant or deny a motion for reconsideration.").

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). Here, there is no disputing that, after concluding that Nicholas had not been properly served, the district court properly set aside the default judgment against Appellants under *Frow* and its progeny. At that point, the case could proceed to be adjudicated on the merits with respect to Nicholas, and Castro's claims against Appellants would rise or fall depending upon the outcome of the adjudication as to Nicholas. *See Neilson*, 253 F.3d at 532 (explaining that, under *Frow*, "if an action against the answering defendants is decided in their favor, then the action should be dismissed against *both* answering

4

and defaulting defendants" (emphasis added)). I do not agree that Castro's tactical maneuver to then voluntarily dismiss his claims against Nicholas with prejudice—so as to thwart any adjudication of the merits—was sufficient to then allow reinstatement of a default judgment that had already properly been set aside under *Frow*. Allowing a party to defeat a valid application of the *Frow* rule through this sort of post-set-aside procedural manipulation is in my view plainly inconsistent with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," and a clear abuse of discretion. *NewGen, LLC*, 840 F.3d at 616 (citation omitted). I would therefore set aside the reinstated default judgment (and the attorneys' fees and cost awards predicated on that judgment) and would remand the case for further proceedings, including consideration of whether Castro's action in dismissing Nicholas for the purpose of thwarting any adjudication on the merits, together with the other circumstances of this case, provides "good cause" for setting aside the defaults against Appellants under Rule 55(c).

For the foregoing reasons, I concur as to the court's jurisdictional determination, and I respectfully dissent as to the merits.