■ BANQUE NATIONALE DE PARIS, Respondent, v 1567 BROADWAY OWNERSHIP ASSOCIATES et al., Defendants, and NATIONAL RESTAURANTS MANAGEMENT, INC., Appellant. [669

NYS2d 568] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered September 2, 1997, which, in a mortgage foreclosure action, insofar as appealed from as limited by defendant-appellant guarantor's brief, awarded plaintiff post-judgment interest at the contractual default rate of 24% a year, unanimously modified, on the law and the facts, to limit the amount of postjudgment interest to the statutory rate of 9% a year, and otherwise affirmed, without costs.

Since the loan documents do not constitute a clear, unambiguous and unequivocal expression that defendant agreed to pay the default rate until the judgment was satisfied, and the judgment of foreclosure provided only that the default rate was to be applied from default and going forward from the date of computation of the amount owed without specifying that such rate was to survive entry of the judgment, no reason exists to depart from the rule that the statutory rate applies once a judgment is entered (*see, Marine Mgt. v Seco Mgt.*, 176 AD2d 252, *affd* 80 NY2d 886). We disagree with the IAS Court that defendant's failure to appeal from the earlier judgment of foreclosure precludes it from challenging the interest rate. Defendant is not attempting to collaterally attack the judgment of foreclosure, but rather is challenging its interpretation by the Referee as providing for interest at the default rate up until the date of the sale, an interpretation first set forth in the Referee's report of sale. Thus, defendant had no reason to appeal the judgment of foreclosure until its terms were erroneously applied by the Referee in his report of sale and plaintiff moved to confirm that report. Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.