■ M. SOBOL, INC., Respondent, v WYKAGYL PHARMACY, INC., Defendant, and DEAN ABRAMS et al., Appellants. [723 NYS2d 88] —In an action, *inter alia,* to recover payment for goods sold and delivered, the defendants Dean Abrams and Stephen Dershowitz appeal from a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered March 30, 2000 which, upon an or-

der of the same court, granting the plaintiff's motion for summary judgment on the issue of an award of an attorney's fee, is in favor of the plaintiff and against them in principal sum of $34,487 representing the attorney's fee due the plaintiff.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting therefrom the principal sum of $34,487 and substituting therefor the principal sum of $6,000; as so modified, the judgment is affirmed, with costs to the appellants.

The appellants executed a personal guaranty with respect to debts of Wykagyl Pharmacy, Inc. (hereinafter Wykagyl) owed to the plaintiff, M. Sobol, Inc., that included a provision whereby the appellants agreed to pay any damages incurred by the plaintiff by reason of Wykagyl's default. That provision also stated that an attorney's fee would be calculated by applying a rate of 15% to the principal sum of the debt. In March 1999 the plaintiff commenced an action against the defendants to recover the value of goods delivered but not paid for in the sum of $229,919.19. The plaintiff also sought an attorney's fee in the sum of $34,487. In May 1999 the principal amount of the outstanding debt was paid in full; however, the plaintiff continued to press its demand for an attorney's fee of $34,487, and moved for summary judgment on the issue. The court directed a hearing, and, after noting that the plaintiff was entitled to a reasonable attorney's fee, determined that a fee which was 15% of the total debt was reasonable.

"[T]he award of an attorneys' fee based solely on the fixed rate set forth in the * * * guarantee was improper. An award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr.*, 261 AD2d 363, 365; *see also, Industrial Credit Corp. v Green*, 62 NY2d 903). In determining the appropriate value of an attorney's services in arriving at a reasonable fee, the court should consider, *inter alia*, the difficulty of the question involved, the skill required to handle the problem, and the amount of time expended on the case (*see, Matter of Ury*, 108 AD2d 816; *Matter of Schaich*, 55 AD2d 914). Applying this standard, we believe the reasonable value of the attorney's fee is $6,000. The order indicates that the plaintiff's attorney performed no more than 20 hours of bona fide legal work in connection with this matter, and that his experience and expertise warrant a fee of $300 per hour. Accordingly, the judgment should be modified to reflect an attorney's fee of $6,000.

The appellants' remaining contention is without merit. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.