■ IRB-BRAZIL RESSEGUROS, S.A., Respondent, v INEPAR INVESTMENTS, S.A., Defendant, and INEPAR S.A. INDUSTRIA E CONSTRUÇ ES, Appellant. [922 NYS2d 308]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 4, 2009, in favor of plaintiff and against defendants in the principal amount of $27,772,409.86, plus interest at the rate of 9.9% per annum from October 22, 2009 and postjudgment interest at the rate of 9.9%, and bringing up for review orders, same court and Justice, entered August 3, 2009, which denied defendant Inepar S.A. Industria e Construç es' (IIC) motion for summary judgment and granted plaintiff's motion for summary judgment as to liability, unanimously modified, on the law, to limit the rate of postjudgment interest to the statutory rate of 9% per annum, and otherwise affirmed, without costs. Appeals from the aforementioned orders, from a judgment, same court and Justice, entered August 19, 2009, in favor of plaintiff on the issue of liability, and from an order, same court (Beverly S. Cohen, J.H.O.), entered November 9, 2009, unanimously dismissed, without costs, as subsumed in the appeal from the December 4, 2009 judgment.

Plaintiff established a prima facie case on its motion for summary judgment by submitting evidence of an absolute and unconditional guarantee, the underlying debt and the guarantor's failure to perform (*see Bank of Am., N.A. v Solow*, 59 AD3d 304 [2009], *lv dismissed* 12 NY3d 877 [2009]).

In support of its motion for summary judgment and in opposition to plaintiff's motion, IIC submitted admissible evidence, as well as an expert opinion on Brazilian law, to demonstrate that the two officers who signed the guarantee lacked

actual authority under Brazilian law. However, the guarantee, which is in an amount greater than \$250,000, contains a New York choice of law clause.

General Obligations Law § 5-1401 (1) provides, in pertinent part: "The parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate not less than two hundred fifty thousand dollars . . . may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation to this state."

General Obligations Law § 5-1402 (1) additionally provides, in pertinent part: "[A]ny person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state."

These two statutes implement the public policy that favors New York courts retaining and determining actions where New York law is applicable to the dispute pursuant to the agreement of the parties and New York is the designated forum. Some federal courts have held that the choice of law provisions within section 5-1401 are enforceable unless procured by fraud or overreaching (see Sabella v Scantek Med., Inc., 2009 WL 3233703, *13, 2009 US Dist LEXIS 88170, *35-36 [SD NY 2009]; Sun Forest Corp. v Shvili, 152 F Supp 2d 367, 388-389 [SD NY 2001]; Lehman Bros. Commercial Corp. v Minmetals Intl. Non-Ferrous Metals Trading Co., 179 F Supp 2d 118, 136 [SD NY 2000].

The enforcement of such clauses is favored since it "protect[s] the justifiable expectation of the parties who choose New York law as the governing law" in international financial transactions (Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale, 34 AD3d 124, 130 [2006]; Lehman Bros. Commercial Corp., 179 F Supp 2d at 136-137).

Thus, where, as here, the parties affirmatively choose New York law and a New York forum in a transaction in United States dollars, New York law will be applied to determine

whether the agreement, allegedly executed by a person lacking actual authority under foreign law, is enforceable by a third party (*Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d 238 [2002]).

Under New York law, an agreement executed without proper authority may be enforceable under the doctrines of apparent authority and ratification (*id.* at 245-246). Plaintiff failed to establish its entitlement to summary judgment pursuant to the doctrine of apparent authority since it submitted no evidence that it relied on any words or conduct of IIC that the two officers were authorized to execute the guarantee (*see Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551 [1997]; *Hallock v State of New York*, 64 NY2d 224, 231 [1984]). However, as in *Indosuez*, the transaction was implicitly ratified by IIC since, as a result of the transaction, IIC's subsidiary received $30 million, which was used for investments undertaken pursuant to a strategy set by IIC's administrative council. IIC's acceptance of benefits flowing from an agreement that it now asserts was unauthorized when executed constitutes an affirmance of the agreement giving rise to a ratification (*see Goldston v Bandwidth Tech. Corp.*, 52 AD3d 360, 363-364 [2008], *lv denied* 14 NY3d 703 [2010]; *Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.]*, 286 AD2d 118, 127 [2001]).

Plaintiff demonstrated its status as a relevant account holder entitled to sue on the guarantee by submitting Euroclear account statements identifying BB Securities as the account holder and a disavowal and assignment agreement executed by BB Securities in favor of plaintiff (*see IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd.*, 68 AD3d 576 [2009]; *see also Allan Applestein TTEE FBO D.C.A. v Province of Buenos Aires*, 415 F3d 242 [2d Cir 2005]). Regardless of when it obtained proof of its right to bring suit, plaintiff timely commenced the action, and, in any event, IIC waived any affirmative defense of untimeliness by failing to plead it.

Since the guarantee does not contain a clear, unambiguous, and unequivocal expression that interest will be paid at the rate higher than the statutory rate until the judgment is satisfied, the statutory rate of interest will be applied (*see Banque Nationale De Paris v 1567 Broadway Ownership Assoc.*, 248 AD2d 154, 155 [1998]; CPLR 5004; *compare Retirement Accounts, Inc. v Pacst Realty, LLC*, 49 AD3d 846, 846-847 [2008]). Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.