JOHN S. DEERKOSKI, Doing Business as JOHN S. DEERKOSKI, P.E., AND ASSOCIATES, Appellant, v EAST 49TH STREET DEVELOPMENT II, LLC, et al., Respondents. (Action No. 1.) JOHN S. DEERKOSKI, Doing Business as JOHN S. DEERKOSKI, P.E., AND ASSOCIATES, Appellant, v CASTLE DEVELOPMENT GROUP, LLC, et al., Respondents. (Action No. 2.) [993 NYS2d 554]—

Motion by the respondents for leave to reargue appeals from an amended judgment of the Supreme Court, Orange County, dated April 25, 2012, and a judgment of the same court dated May 16, 2012, which were determined by decision and order of this Court dated December 26, 2013, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Justice Maltese has been substituted for former Justice Angiollilo (*see* 22 NYCRR 670.1 [c]).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue the appeals is granted to the extent that the decision and order of this Court dated December 26, 2013 (*Deerkoski v East 49th St. Dev. II, LLC*, 112 AD3d 879 [2013]) is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied.

In two related actions, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by his brief, from so much of an amended judgment of the Supreme Court, Orange County (Bartlett, J.), dated April 25, 2012, as, after a nonjury trial, is in favor of him and against the defendants in action No. 1 in the principal sum of only $53,000, and (2) from a judgment of the same court dated May 16, 2012, which, after a nonjury trial, is in favor of him and against the defendants in action No. 2 in the principal sums of only $5,507.87 as damages and $3,500 as an attorney's fee, and awards prejudgment interest at the rate of only 9% per annum.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate second amended judgment in favor of the plaintiff and against the defendants in action No. 1 in the principal sum of $134,497; and it is further,

Ordered that the judgment is modified, on the law, by increasing the amount awarded to the plaintiff as damages from the principal sum of $5,507.87 to the principal sum of $22,924.85; as so modified, the judgment in action No. 2 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, a professional engineer and his engineering firm, performed work on two construction projects in Manhattan. These two related actions involve a dispute over payment for that work. The plaintiff commenced these actions to recover damages based upon breach of contract, quantum meruit, and an account stated. The defendants in the two actions are the developers and owners of the respective properties, and the surety, Fidelity and Deposit Company of Maryland.

The first action involves a project referred to as the East 49th Street project. The plaintiff and the owners in action No. 1 entered into an implied-in-fact contract based on evidence that the plaintiff performed services which were accepted by the owners in action No. 1 " 'with the understanding on both sides that there was a fee obligation' " (*Sivin-Tobin Assoc., LLC v Akin Gump Strauss Hauer & Feld LLP*, 68 AD3d 616, 617 [2009], quoting *Shapira v United Med. Serv.*, 15 NY2d 200, 210

[1965]). The defendants in action No. 1 argue that, under this implied contract, the plaintiff had to submit written change orders as a condition precedent to payment for work he performed. However, while the plaintiff initially submitted such orders, there was proof that the parties later dispensed with such requirement, and that the owners in action No. 1 paid for some work which was not covered by such change orders. "A contract implied in fact rests upon the conduct of the parties" (*Watts v Columbia Artists Mgt.*, 188 AD2d 799, 801 [1992]). Since the conduct of the parties, in effect, dispensed with the requirement that the plaintiff had to submit written change orders as a condition precedent to payment for the work he performed, the Supreme Court should not have limited the plaintiff's recovery to the work performed pursuant to the written change orders (*see generally Computerized Med. Imaging Equip. v Diasonics Ultrasound*, 303 AD2d 962, 964 [2003]; *Twitchell v Town of Pittsford*, 106 AD2d 903, 904 [1984], *affd* 66 NY2d 824 [1985]; *see also National Telecom. Consultants v United Artists Theatre Circuit*, 225 AD2d 750 [1996]). Accordingly, the plaintiff is entitled to damages on his breach of contract cause of action in action No. 1 based on all of the work he performed on the East 49th Street project pursuant to the parties' implied-in-fact contract. In this regard, the plaintiff submitted proof at trial that he was owed the sum of $134,497 for his work on the project.

The plaintiff's remaining contentions regarding the East 49th Street project are without merit or need not be addressed in light of this determination (*see BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 885 [2011]).

The second action involves a construction project located on East 46th Street in Manhattan (hereinafter the East 46th Street project). For this project, the plaintiff and the defendant Castle Development Group, LLC, entered into a written contract which provided, insofar as relevant here, that the agreement was for a $40,000 "lump sum fee." The contract also included a list of hourly billing rates.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Here, contrary to the contention of the defendants in action No. 2, the fact that the contract for the East 46th Street project included a standard hourly billing rates provision did not render it ambiguous or contradict the lump-sum payment provision. Consequently, the Supreme Court should not have resorted to extrinsic evidence to interpret the meaning of the

contract so as to conclude that the plaintiff was only entitled to payment thereunder on the basis of "time and materials." Instead, the plaintiff demonstrated that he was entitled to recover the full lump-sum payment set forth in the contract less the payments which were previously made by the defendants for this contract work.

However, contrary to the plaintiff's contention, under the circumstances of this case, the Supreme Court did not err in awarding prejudgment interest based on the statutory rate (*see* CPLR 5004) rather than based on the rate set forth in the contract for the East 46th Street project (*see IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A.*, 83 AD3d 573, 575 [2011], *affd* 20 NY3d 310 [2012]; *Banque Nationale De Paris v 1567 Broadway Ownership Assoc.*, 248 AD2d 154, 155 [1998]).

The Supreme Court did not improvidently exercise its discretion with regard to the amount of the attorney's fee awarded in action No. 2 (*see M. Sobol, Inc. v Wykagyl Pharm.*, 282 AD2d 438, 439 [2001]; *see also Miller Realty Assoc. v Amendola*, 51 AD3d 987, 990 [2008]). Dillon, J.P., Roman, Sgroi and Maltese, JJ., concur.