ABC Physical Therapy, P.C. v GEICO Ins. Co. (2020 NY Slip Op 51325(U))

[*1]

ABC Physical Therapy, P.C. v GEICO Ins. Co.

2020 NY Slip Op 51325(U) [69 Misc 3d 138(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1615 K C

ABC Physical Therapy, P.C., as Assignee of
Alexander, Tomas, Appellant, 
against
GEICO Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered April 13, 2018. The order denied plaintiff's motion for leave to enter a
judgment upon defendant's failure to appear or answer the complaint and granted defendant's
cross motion to open its default and to compel plaintiff to accept defendant's late answer.

ORDERED that the order is reversed, with $30 costs, plaintiff's motion for leave to enter a
default judgment is granted and defendant's cross motion to open its default in answering and to
compel plaintiff to accept defendant's late answer is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which denied plaintiff's motion for leave to enter a judgment
upon defendant's failure to appear or answer the complaint and granted defendant's cross motion
to open its default and to compel plaintiff to accept defendant's late answer.
A defendant seeking to open a default in answering based on an excusable default must
demonstrate both a reasonable excuse for the default and the existence of a potentially
meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v
A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The determination of what constitutes a
reasonable excuse for a default lies within the sound discretion of the motion court (see
Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]).
While a claim of law office failure may be accepted as a reasonable excuse (see
CPLR 2005), the claim must be supported by a "detailed and credible" explanation of the default
(Henry v Kuveke, 9 AD3d 476,
479 [2004]; see State Farm Mut. Auto.
Ins. Co. v Preferred Trucking Serv. Corp., 42 Misc 3d 88 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]). Upon a [*2]review of the record,
we find that the Civil Court improvidently exercised its discretion in granting defendant's cross
motion to open its default in answering and to compel plaintiff to accept defendant's late answer,
as defendant failed to meet its burden of demonstrating a reasonable excuse for its default
(see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc., 67 NY2d at 141).
"In order to be entitled to enter a default judgment upon a defendant's failure to appear or
answer the complaint, a plaintiff must submit evidence of service of the summons and complaint
upon the defendant, evidence of a viable cause of action, and evidence of the defendant's default
in appearing or answering (see CPLR 3215 [f]; L & Z Masonry Corp. v Mose, 167 AD3d 728, 729 [2018]; Clarke v Liberty Mut. Fire Ins. Co., 150
AD3d 1192, 1194 [2017]; Deutsche
Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 970 [2016])" (Glanz v Parkway Kosher Caterers, 176
AD3d 686, 688 [2019]). Here, plaintiff satisfied these requirements.
Accordingly, the order is reversed, plaintiff's motion for leave to enter a default judgment is
granted and defendant's cross motion to open its default in answering and to compel plaintiff to
accept defendant's late answer is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020