Seidner & Assoc., P.C. v Hemings (2020 NY Slip Op 51356(U))

[*1]

Seidner & Assoc., P.C. v Hemings

2020 NY Slip Op 51356(U) [69 Misc 3d 141(A)]

Decided on November 12, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, JERRY GARGUILO, JJ

2018-648 N C

Seidner & Associates, P.C.,
Respondent,
against
Tom Hemings, Also Known as Thomas Hemmings, Appellant.

Sim & Record, LLP (Sang J. Sim of counsel), for appellant.
Matthews S. Seidner & Associates, for respondent (no brief filed).

Appeals from a decision of the District Court of Nassau County, First District (Ignatius L.
Muscarella, J.), dated July 14, 2017, and from a judgment of that court entered December 21,
2018. The judgment, insofar as appealed from as limited by the brief, entered pursuant to the
decision, after a nonjury trial, awarded plaintiff the principal sum of $14,655.58.

ORDERED that the appeal from the decision is dismissed, as no appeal lies therefrom
(see UDCA 1702); and it is further,
ORDERED that, on the court's own motion, the notice of appeal from a judgment
purportedly entered on October 30, 2017 is deemed a premature notice of appeal from the
judgment entered December 21, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment entered December 21, 2018, insofar as appealed from, is
affirmed, without costs.
Plaintiff, a law firm, brought this action, based on breach of contract, quantum meruit and an
account stated, to recover the sum of $14,655.58 for legal services rendered to defendant, a
former client whom plaintiff had represented. Following five days of a nonjury trial, after
defendant stated that he could not return for the previously scheduled date the next day, or even
possibly the day after that, the District Court denied defendant's request to adjourn the trial to
new dates, granted plaintiff's application to deem the trial complete, and awarded plaintiff the
sum of $14,655.58.
"An application for a continuance or adjournment is addressed to the sound discretion of the
trial court, and the grant or denial thereof will be upheld on appellate review if the trial court
providently exercised its discretion" (Nieves v Tomonska, 306 AD2d 332, 332 [2003]; see Matter of Winfield v Gammons,
105 AD3d 753, 754 [2013]; Diamond v Diamante, 57 AD3d 826, 827 [2008]; Noble Thread Corp. v Noble Group
Corp., 46 AD3d 778, 779 [2007]; Middle Vil. Chiropractic v GEICO Gen. Ins. Co., 55 Misc 3d
132[A], 2017 NY Slip Op 50431[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]). Here, the District Court did not improvidently exercise its discretion in denying
defendant's motion to schedule new dates for the continuation of the trial.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]). We find that the record amply supports the
District Court's determination.
Plaintiff's third cause of action is for an account stated, which requires establishing that an
invoice was sent which the defendant retained for a significant amount of time without objection
(see Ferraioli v Ferraioli, 8 AD3d 163, 164 [2004]; A & P Rainaldi, Inc. v
Arcadipane, 36 Misc 3d 150[A], 2012 NY Slip Op 51669[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]; Fashion
Ribbon Co., Inc. v Carnival Creations, Inc., 5 Misc 3d 137[A], 2004 NY Slip Op
51564[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Additionally, "partial payment
may give rise to an account stated" (Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d
51, 52 [2004]; see M & R Constr. Corp. v IDI Constr. Co., 4 AD3d 130
[2004]; Rosenberg Selsman Rosenzweig & Co. v Slutsker, 278 AD2d 145
[2000]; Chisholm-Ryder Co. v Sommer & Sommer, 70 AD2d 429, 431 [1979]).
While plaintiff may well have established its cause of action for an account stated by the
testimony of its witness that she had sent monthly invoices to defendant and by the production of
documentary evidence showing that defendant had received and retained the invoices without
objection for three months (see Spectra Audio Research v 60-86 Madison Ave. Dist. Mgt.
Assn., 267 AD2d 23 [1999]), we find that, in any event, plaintiff established its cause of
action by demonstrating partial payment by introducing proof of defendant's payment of $2,000
toward his account in March 2013 following plaintiff's monthly invoice dated February 28,
2013.
Accordingly, the judgment, insofar as appealed from, is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2020