Kera & Graubard v Abraham (2021 NY Slip Op 51248(U))

[*1]

Kera & Graubard v Abraham

2021 NY Slip Op 51248(U) [73 Misc 3d 145(A)]

Decided on December 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-592 Q C

Kera & Graubard, Respondent,
against
Gideon Abraham, Appellant. 

Sabaj Law, P.C. (Donald A. Pitofsky of counsel), for appellant.
Kera & Graubard (M. David Graubard of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ernest J.
Cavallo, J.H.O.), entered April 2, 2019 and from a judgment of that court entered July 18, 2019.
The order denied defendant's motion, pursuant to CPLR 4404 (b), to set aside a decision of that
court dated October 25, 2018 after a nonjury trial. The judgment, upon the October 25, 2018
decision, awarded plaintiff the total sum of $94,583.04.

ORDERED that so much of the appeal as is from the April 2, 2019 order is dismissed, as the
right of direct appeal therefrom terminated with the entry of the July 18, 2019 judgment (see
Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,
ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the
principal sum of $2,205; as so modified, the judgment is affirmed, without costs.
Plaintiff, a law firm, commenced this action in Supreme Court, Queens County, to recover
the principal sum of $64,077.54, asserting breach of contract, account stated, quantum meruit and
unjust enrichment, based on legal services rendered to defendant in a bankruptcy proceeding, as
well as for "other" services that were provided after the dismissal of the bankruptcy proceeding.
The matter was subsequently transferred to the Civil Court pursuant to CPLR 325 (d). Following
a nonjury trial, the Civil Court, in a decision dated October 25, 2018, held that it had subject
matter jurisdiction over plaintiff's claim and that plaintiff was entitled to recover the principal
sum of $64,077.54. Defendant moved, pursuant to CPLR 4404 (b), to set aside the October 25,
2018 decision. By order entered April 2, 2019, the Civil Court denied defendant's motion as
untimely. A judgment was entered on July 18, 2019 awarding plaintiff the [*2]total sum of $94,583.04, which included interest, costs and
disbursements.
Under the particular circumstances presented herein, we conclude that, contrary to
defendant's contention, the Civil Court has subject matter jurisdiction over plaintiff's claim
seeking to recover for legal services rendered in connection with the bankruptcy proceeding
(see In re Elias, 188 F3d 1160, 1162 [9th Cir 1999]; In re Westgate Nursing Homes,
Inc., 518 BR 250, 258 [WD NY 2014]; In re Kent Funding Corp., 290 BR 471,
478-479 [ED NY 2003]).
With respect to the merits of plaintiff's complaint, we find that plaintiff failed to establish
that it was entitled to recover for those services rendered in connection with its employment as
counsel to defendant in the bankruptcy proceeding. The record establishes that while plaintiff
represented defendant in the bankruptcy proceeding, defendant's father, who is now deceased,
assumed sole responsibility for payment of those attorney's fees. It is undisputed that plaintiff
entered into a retainer agreement only with the father and that plaintiff never entered into any
retainer agreement, written or oral, with defendant for the payment of those fees. In fact, prior to
plaintiff entering into the retainer agreement with the father, defendant expressly stated to a
partner of plaintiff that defendant "didn't have the money, but that his family would be making
the payments and that he would make arrangements." Therefore, plaintiff was not entitled to
recover from defendant for the services it rendered in the bankruptcy proceeding based on breach
of contract (see Mandarin Trading Ltd. v
Wildenstein, 16 NY3d 173, 181-182 [2011]; Sky Materials Corp. v Frog Hollow Indus., Inc., 125 AD3d 751,
752 [2015]; Niagara Foods, Inc. v
Ferguson Elec. Serv. Co., Inc., 86 AD3d 919, 920 [2011]).
Under the facts herein, plaintiff was also not entitled to recover from defendant based upon
quantum meruit or unjust enrichment for the legal services rendered in the bankruptcy
proceeding (see EBC I, Inc. v Goldman,
Sachs & Co., 5 NY3d 11, 23 [2005]; Clark-Fitzpatrick, Inc. v Long Is. R.R.
Co., 70 NY2d 382, 388 [1987]; Klein v Deutsch, 193 AD3d 707, 709 [2021]). As noted, there is an
existing contract between plaintiff and defendant's father covering those services, which contract
was not terminated upon the father's death, since there is no evidence that the contract contained
a provision to the contrary or involved an obligation personal in nature to the decedent (see Di Scipio v Sullivan, 30 AD3d
660 [2006]).
Plaintiff was similarly not entitled to recover against defendant for its services rendered in
the bankruptcy proceeding based on an account stated. "An account stated assumes the existence
of some indebtedness between the parties, or an express agreement to treat a statement of debt as
an account stated" (Shelly v Skief,
73 AD3d 1016, 1016 [2010] [internal quotation marks omitted]; see Gurney, Becker
& Bourne v Benderson Dev. Co., 47 NY2d 995, 996 [1979]; M. Paladino, Inc. v
Lucchese & Son Contr. Corp., 247 AD2d 515, 516 [1998]), which was not shown to be
the case between plaintiff and defendant here as to those services.
However, plaintiff also interposed a cause of action for an account stated in the sum of
$2,205, based on the "other" services that were rendered after the bankruptcy proceeding was
dismissed, which services were unrelated to plaintiff's representation of defendant in the
bankruptcy proceeding and not covered by the father's retainer agreement. While defendant did
not enter into any retainer agreement with plaintiff regarding these services, the parties
nonetheless entered into an implied-in-fact contract for such services, given the evidence
indicating that the services were requested by defendant and performed by plaintiff with the
understanding on both sides that there was a fee obligation (see Shapira v United Med.
Serv., 15 [*3]NY2d 200, 210 [1965]; Deerkoski v East 49th St. Dev. II, LLC,
120 AD3d 1387, 1388 [2014]). Plaintiff further established that it had sent defendant an
invoice—setting forth the "other" services rendered, plaintiff's hourly rate, and the hours
expended for those services, for a total due of $2,205—which defendant received and
retained without objection (see Finger
& Finger, A Professional Corp. v Buckingham Owners, Inc., 165 AD3d 887, 888
[2018]; Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP v City of Mount Vernon, 109 AD3d 537 [2013]; Seidner & Assoc., P.C. v
Hemings, 69 Misc 3d 141[A], 2020 NY Slip Op 51356[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]). Consequently, plaintiff was entitled to recover the sum of $2,205
under a theory of account stated (see Rodkinson v Haecker, 248 NY 480 [1928]; First Class Concrete Corp. v
Rosenblum, 167 AD3d 989, 990 [2018]; Finger & Finger, A Professional
Corp., 165 AD3d at 888; Miller v
Nadler, 60 AD3d 499, 499-500 [2009]).
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to the
principal sum of $2,205.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 17, 2021