Kovacs Sec. Sys., Inc. v Belessis (2021 NY Slip Op 51265(U))

[*1]

Kovacs Sec. Sys., Inc. v Belessis

2021 NY Slip Op 51265(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1818 N C

Kovacs Security Systems, Inc., 
 Respondent,
against
Rea Belessis, Appellant. 

Rea Belessis, Appellant,
 against Kovacs Security Systems, Inc., Respondent.

Effy B. Jable, for appellant.
Jay A. Press, P.C. (Danielle N. Grzan of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia,
J.), dated October 2, 2019. The order in this consolidated action, insofar as appealed from, upon
reargument, adhered to its prior determination, albeit on a different ground, denying Rea
Belessis's motion for summary judgment dismissing Kovacs Security Systems, Inc.'s complaint
and on her cause of action.

ORDERED that the order, insofar as appealed from, is modified by providing that, upon
reargument, the branch of Rea Belessis's motion seeking summary judgment dismissing Kovacs
Security Systems, Inc.'s second cause of action, based on an account stated, is granted; as so
modified, the order, insofar as appealed from, is affirmed, without costs.
On September 11, 2017, the parties entered into a contract whereby Kovacs Security
Systems, Inc. (Kovacs) agreed to install, lease, service, and monitor commercial fire alarm
equipment at Rea Belessis's premises, and Belessis agreed to pay $12,500 plus $125 per month
for rental and servicing for a ten-year term. Belessis paid Kovacs a $4,000 deposit upon signing
the contract.
On November 1, 2017, Belessis sent Kovacs a letter informing it that she was terminating
[*2]the contract because Kovacs failed to deliver a fire alarm
system within the agreed-upon timeline and requesting the return of her deposit.
The present action results from the consolidation of an action commenced by Kovacs,
seeking to recover damages for breach of contract and based on an account stated, with a small
claims action commenced by Belessis, seeking to recover the principal sum of $4,000,
representing the deposit she made to Kovacs upon signing that contract.[FN1]

After Kovacs filed a notice of trial, Belessis moved for summary judgment dismissing
Kovacs's complaint and awarding her $4,000 on her cause of action. By order dated May 30,
2019, the District Court denied the motion as untimely. Belessis subsequently moved for leave to
reargue her motion. Belessis appeals from so much of an order of the District Court dated
October 2, 2019 as, upon reargument, denied Belessis's motion on the merits.

Contrary to Belessis's contention, the District Court properly denied the branches of
Belessis's motion seeking summary judgment dismissing Kovacs's first cause of action, based on
breach of contract, and for $4,000 on her cause of action. Considering the facts "in the light most
favorable to [the nonmoving party]" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7
NY3d 96, 105 [2006]), Belessis failed to make "a prima facie showing of entitlement to
judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact
from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Specifically, Belessis failed to establish as a matter of law that Kovacs breached the parties'
contract because the evidence she submitted in support of her motion failed to eliminate material
issues of fact as to whether the contract had a time schedule, a completion date, or any indication
that time was of the essence for the installation of the fire alarm system (see Ricca v Samhal Interiors, Inc., 24
Misc 3d 129[A], 2009 NY Slip Op 51338[U], *1 [App Term, 2d Dept, 9th & 10th Jud
Dists 2009]).

As to Kovacs's second cause of action, which is based on an account stated, Belessis
submitted proof that she had never received any bills or invoices from Kovacs, which proof
Kovacs has not addressed or rebutted. As Belessis made a prima facie showing of entitlement to
summary judgment dismissing this cause of action, which showing has not been rebutted, the
branch of her motion seeking to dismiss this cause of action should have been granted (see Seidner & Assoc., P.C. v
Hemings, 69 Misc 3d 141[A], 2020 NY Slip Op 51356[U], *1 [App Term, 2d Dept, 9th
& 10th Jud Dists 2020] [a cause of action for an account stated requires "establishing that an
invoice was sent which the defendant retained for a significant amount of time without
objection"]).

Accordingly, the order, insofar as appealed from, is modified by providing that, upon
reargument, the branch of Rea Belessis's motion seeking summary judgment dismissing Kovacs
Security Systems, Inc.'s second cause of action is granted.

GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 23, 2021

Footnotes

Footnote 1:The August 20, 2018
consolidation order retained the two separate captions with their respective index numbers.