Prestige Worldwide Ind. Corp. v Moaddab (2022 NY Slip Op
51361(U))

[*1]

Prestige Worldwide Ind. Corp. v Moaddab

2022 NY Slip Op 51361(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-634 S C

Prestige Worldwide Ind. Corp.,
Appellant,
against
Mohammad B. Moaddab, Individually and as Trustee under
the Mohammad B. Moaddab Revocable Trust dated July 14, 2017; Naz Moaddab, Also
Known as Naz Baecher, Respondents. 

Young Law Group, PLLC (Justin F. Pane of counsel), for appellant.
Thomas J. Manzi, P.C., for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Sixth District (James
P. Flanagan, J.), entered September 8, 2021. The order denied plaintiff's motion for
summary judgment against Mohammad B. Moaddab, Individually and as Trustee under
the Mohammad B. Moaddab Revocable Trust Dated July 14, 2017, and for leave to enter
a default judgment against Naz Moaddab, and granted Naz Moaddab's cross motion to
compel plaintiff to accept her late answer.

ORDERED that the order is modified by providing that the branch of plaintiff's
motion seeking summary judgment on its cause of action for breach of contract is granted
only as to liability as against Mohammad B. Moaddab, individually, and, as to that cause
of action, the matter is remitted to the Civil Court for a trial limited to the issue of
damages, and that Naz Moaddab's cross motion to compel plaintiff to accept her late
answer is denied; as so modified, the order is affirmed, without costs.
In 2020, plaintiff entered into a contract with defendant Mohammad B. Moaddab,
individually, to perform emergency cleanup at a property co-owned by the Mohammad
B. Moaddab Revocable Trust dated July 14, 2017 (the Trust) and defendant Naz
Moaddab, also known as Naz Baecher (hereinafter Baecher). In its verified complaint,
plaintiff sought to [*2]recover against Moaddab,
individually, for breach of contract, against Moaddab, individually and as trustee of the
Trust, and against Baecher for quantum meruit, and against Moaddab, individually and as
trustee, and against Baecher for unjust enrichment.
Moaddab appeared in the action in both his individual capacity and as trustee.
Baecher mailed her own pro se answer, which plaintiff rejected as untimely, unverified,
defective, a nullity, and improperly served by a party to the action. Plaintiff moved for
summary judgment on all three causes of action against Moaddab, individually and as
trustee, and for leave to enter a default judgment against Baecher on the causes of action
for quantum meruit and unjust enrichment. Baecher subsequently retained counsel and
cross-moved to compel plaintiff to accept her late answer. By order dated September 8,
2021, the District Court denied plaintiff's motion in its entirety and granted Baecher's
cross motion.
In order to establish a cause of action for breach of contract, a plaintiff must prove
the existence of a contract, the plaintiff's performance under the contract, the defendant's
breach, and resulting damages (see New York State Workers' Compensation Bd. v SGRisk,
LLC, 116 AD3d 1148, 1153 [2014]; JP Morgan Chase v J.H. Elec. of NY, Inc., 69 AD3d 802,
803 [2010]). Here, plaintiff submitted proof of the contract between plaintiff and
Moaddab, along with proof that Moaddab confirmed the contract and that plaintiff
performed under the contract. Moaddab has not rebutted plaintiff's prima facie showing
of liability. However, plaintiff's motion papers failed to either demonstrate that the
contract provided a specific sum due or otherwise set forth the reasonable value of the
services performed.
While plaintiff also seeks summary judgment against Moaddab as trustee on its cause
of action for breach of contract, that cause of action was only pleaded against Moaddab
in his individual capacity. In any event, the record reflects that Moaddab is listed on the
contract as the "customer" and that he signed the contract individually, not in his capacity
as trustee, thus assuming sole responsibility for payment under the contract.
As to the branches of plaintiff's motion seeking summary judgment on the remaining
causes of action, the existence of a valid and enforceable contract between plaintiff and
Moaddab precluded plaintiff from recovering against Moaddab, both individually and as
trustee, for quantum meruit and unjust enrichment because the claims are based on the
same set of facts and circumstances (see Kera & Graubard v Abraham, 73 Misc 3d 145[A],
2021 NY Slip Op 51248[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]; see also Concavage Mar.
Constr., Inc. v Lou-Al-John Corp., 191 AD3d 843 [2021]; Schaffer v View At Dobbs,
LLC, 65 Misc 3d 133[A], 2019 NY Slip Op 51612[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]).
In view of the foregoing, we find that plaintiff is entitled to summary judgment only
as to liability on its cause of action for breach of contract and only against Moaddab
individually and that, as to that cause of action, a trial is required only to determine
damages. 
In order to compel a plaintiff to accept a late answer, the defaulting party must
provide a reasonable excuse for the delay and demonstrate a potentially meritorious
defense to the action (see CPLR 3012 [d]; Pain Mgt. Ctr. of N.J., P.C. v All Car Rent-A-Car, 57 Misc 3d
138[A], 2017 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]). "The determination of what constitutes a reasonable excuse lies within the
trial court's discretion" (New
York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322,
1323 [2014]). Upon a review of the record, we find that the District Court improvidently
exercised its [*3]discretion in granting Baecher's cross
motion to compel plaintiff to accept her late answer, which plaintiff rejected because it
was unverified and, thus, under the circumstances, a nullity pursuant to CPLR 3022, and
because it was in violation of CPLR 2103 (a) (see Miller v Bank of NY [Del.],
226 AD2d 507 [1996]). Baecher failed to cure these defects, and otherwise failed to
demonstrate a reasonable excuse for her default in appearing. 
However, when moving for leave to enter a default judgment based on a party's
failure to appear or answer the complaint, the "plaintiff must submit evidence of service
of the summons and complaint upon the defendant, evidence of a viable cause of action,
and evidence of the defendant's default in appearing or answering" (Glanz v Parkway Kosher
Caterers, 176 AD3d 686, 688 [2019]; see CPLR 3215 [f]; ABC Physical Therapy, P.C. v
GEICO Ins. Co., 69 Misc 3d 138[A], 2020 NY Slip Op 51325[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2020]). Here, although plaintiff established
service of the summons and complaint upon Baecher and Baecher's default in answering,
plaintiff failed to establish the existence of a viable cause of action against Baecher for
quantum meruit or unjust enrichment for the same reasons as discussed above with
regards to the branches of plaintiff's motion seeking summary judgment against Moaddab
as trustee. As such, plaintiff was not entitled to enter a default judgment against Baecher.

Accordingly, the order is modified by providing that the branch of plaintiff's motion
seeking summary judgment on its cause of action for breach of contract is granted only as
to liability as against Moaddab, individually, and, as to that cause of action, the matter is
remitted to the Civil Court for a trial limited to the issue of damages, and that Baecher's
cross motion to compel plaintiff to accept her late answer is denied.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ.,
concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date:
December 22, 2022