Khaghan v Mehdizadeh (2023 NY Slip Op 02974)

Khaghan v Mehdizadeh

2023 NY Slip Op 02974

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 652629/20 Appeal No. 412 Case No. 2022-02981 

[*1]Charlene Khaghan et al., Plaintiffs-Appellants,
v
Shervin Mehdizadeh et al., Defendants-Respondents, Old Williamsburgh Corp., as Successor by Merger to U.S. Nonwovens Corp., Nominal Defendant.

Gallet Dreyer & Berkey, LLP, New York (David S. Douglas of counsel), for appellants.
Morrison Cohen LLP, New York (Y. David Scharf of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered June 1, 2022, dismissing this action with prejudice in accordance with an order, same court and Justice, entered August 30, 2021 (the dismissal order), which granted defendants' motions to dismiss the amended complaint, unanimously affirmed, with costs.
Supreme Court properly held in the dismissal order that plaintiffs ratified the sale, and that the terms of sale were plainly disclosed in the parties' Membership Interest Purchase Agreement (MIPA) effecting the sale (see Buttitta v Greenwich House Coop. Apts., Inc., 11 AD3d 250, 250-251 [1st Dept 2004]). Furthermore, plaintiffs permitted the deal to close and accepted the proceeds of the sale, with plaintiff Charlene Khaghan, trustee of the M.K.U.S.N. Trust, signing the sale agreements as trustee without objection, thus rendering the sale enforceable (see IRB-Brazil Resseguros, S.A. v Inepar Invs., S.A., 83 AD3d 573, 575 [1st Dept 2011], affd 20 NY3d 310 [2012], cert denied 596 US 994 [2013]).
While plaintiffs rely upon their ostensible lack of knowledge of the sale price and other payments (including the "personal goodwill" payments), those payments were explicitly referenced in the MIPA, and Khaghan properly executed the MIPA and related agreements on behalf of the Trust. In any event, even if she had not had actual authority to sign the Trust documents, she certainly had apparent authority to do so (IRB-Brazil Resseguros, S.A., 83 AD3d at 575). That Khaghan alleges that she received only signature pages, and not the bodies of the relevant agreements, does not change this analysis (see Friedman v Fife, 262 AD2d 167, 168 [1st Dept 1999]). Further, plaintiff Ari Goldman, also as trustee of the Trust, independently ratified the sale on September 19, 2019, when he texted defendant Shervin Mehdizadeh, "great news on the sale" and "Mazel Tov." Goldman's text message, acceptance of the sale proceeds, and failure to object were sufficient to show that he also ratified the sale (see e.g. Reversible Destiny Found., Inc. v Post, 173 AD3d 647, 647 [1st Dept 2019]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023